**STATE of Missouri, Respondent,**

v.

**John Edward JOHNSON, Appellant.**

**No. 48341.**

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

WELBORN, Commissioner.

In April, 1960, a jury in the Jackson County Circuit Court found John Edward Johnson guilty of robbery in the first de-

gree. The trial court, acting under the Habitual Criminal Act, fixed punishment at 25 years' imprisonment and defendant was sentenced accordingly. On appeal, the judgment of conviction was affirmed. State v. Johnson, Mo.Sup., 347 S.W.2d 220. Because the appellant was not represented by counsel upon the prior appeal, the earlier judgment of the court was set aside and the appeal reinstated. The cause has now been briefed and argued by counsel for appellant.

The original charge arose out of the holdup of participants in a poker game at the residence of John Gladson in Jackson County on January 10, 1960. A full recital of the facts is to be found in the report of the prior appeal, supra. See also State v. Ashe, Mo.Sup., 350 S.W.2d 768.

The matters now urged in this court are requested to be considered under the plain error rule, Supreme Court Rule 27.20(c), V.A.M.R. The points urged are:

1. Untimeliness and inadequacy of the trial court's findings, made before the jury was sworn, of the facts for invocation of the Second Offender Act.

2. Prejudicial comment upon the evidence by the trial judge.

3. The information fails to charge a violation of the law.

4. The arrest of appellant was without probable cause and evidence seized from appellant as an incident of such arrest should have been excluded.

■ During examination of Mrs. Gladson concerning her identification of appellant at a line-up, an objection of hearsay was made to her statement that she identified one of the robbers by his voice. The trial court said: "Overruled. I take it from the conversation she identifies this defendant and he was present." Had objection been noted at the time of the remark, adverse effect, if any, of the remark could have been alleviated by the court. No objection having been made, the re-

mark is not such as calls for review under the plain error rule. State v. McCullough, Mo.Sup., 411 S.W.2d 79, 81[1–3].

■ Our practice requires a preliminary motion to suppress evidence claimed to have been the result of an unconstitutional search and seizure. Supreme Court Rule 33.03, V.A.M.R. No such motion was here made. The absence of such an objection and absence of evidence directed to the legality of appellant's arrest preclude consideration of the error now asserted. State v. Meiers, Mo.Sup., 412 S.W.2d 478, 481[2–5], [6,7].

■ Similarly no objection to the line-up was made. There is some evidence pertaining to that procedure but it is inadequate to present the totality of the circumstances by which constitutional rights would be gauged in this pre-Wade and Gilbert case. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

■ The objection to the information is properly before us on this appeal, although the question is here raised for the first time. Supreme Court Rule 28.02, V.A.M.R.

The information reads:

"Now comes THEODORE J. FURRY, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the Court, that JOHN EDWARD JOHNSON whose Christian name in full is unknown to said Assistant Prosecuting Attorney, late of the county aforesaid, on the 7th day of June, 1954, at the County of Jackson, State of Missouri, the defendant John Edward Johnson was found guilty of the crime of tampering with an automobile in the Circuit Court of Cooper County, Missouri, at which time defendant was sentenced to two (2) years in the Intermediate Reformatory for Young Men for the State of Missouri; that thereafter he was received at the Intermediate Reformatory for Young Men for the State of Missouri on June 8, 1954 and was incarcerated therein

until he was discharged therefrom by commutation of sentence on August 22, 1955; that thereafter on the 10th day of January, 1960, at the County of Jackson and State of Missouri, with force and arms in and upon one Don Knight unlawfully and feloniously did make an assault with a dangerous and deadly weapon, to wit: a revolver loaded with gunpowder and leaden balls, and one (1) Swiss stainless steel wristwatch and lawful money of the United States of the aggregate value of Four Hundred ($400.00) Dollars, the money, goods and chattels and personal property of the said Don Knight from the person and in the presence and against the will of the said Don Knight then and there by force and violence to the person of the said Don Knight and by putting the said Don Knight in fear of an immediate injury to his person, feloniously did rob, steal, take and carry away; against the peace and dignity of the State."

Appellant contends that the information is fatally defective because it fails to charge that the defendant performed the acts which form the basis of the charge. The information is in the form of a single compound sentence. The subject of such sentence is the named defendant, John Edward Johnson. In some portion of the sentence, the pronoun "he" is used to refer to Johnson. However, omission of such pronoun in the latter portion of the charge does not alter the subject of the sentence, to-wit, John Edward Johnson. Johnson was adequately designated as the party charged. The complaint now raised could not have prejudiced the substantial right of the appellant upon the merits of the action. § 545.030 1(18), RSMo 1969, V.A.M.S. State v. Hurley, Mo.Sup., 251 S.W.2d 617, 618–619 [2, 3], [4].

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.