STATE of Missouri ex rel. James
E. VAUGHN, Relator,

v.

Honorable Temple H. MORGETT, Judge of
the Magistrate Court, Division I, Boone
County, Missouri, Respondent.

No. KCD 27536.

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Motion for Rehearing and/or Transfer
Denied May 6, 1975.

William G. Mays, II, Public Defender, Columbia, for relator.

Milt Harper, Pros. Atty., Boone County, Columbia, for respondent.

Before PRITCHARD, C. J., and SHANGLER, DIXON, SWOFFORD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

SOMERVILLE, Judge.

This is an original proceeding in mandamus. James E. Vaughn, hereinafter referred to as "relator", stands accused in Division I of the Magistrate Court of Boone County, Missouri, by verified complaints made and filed by the prosecuting attorney of Boone County, Missouri, with having committed multiple felonies. Prior to any preliminary hearing thereon, relator filed a motion for a mental examination pursuant to 552.020, RSMo 1969 (as amended, Laws of 1971), V.A.M.S. to determine whether, as a result of mental disease or defect, he "lacked mental capacity to understand the proceeding against him or to assist in his own defense". Temple H. Morgett, Magistrate of Division I of the Magistrate Court of Boone County, Missouri, hereinafter referred to as "respondent", refused to entertain said motion "for the stated reason that he lacked jurisdiction to order such examination". Relator seeks a writ from this court commanding respondent to entertain and rule, one way or the other, on said motion on its merits. An alternative writ was issued and it now becomes necessary to decide whether the alternative writ should be made peremptory.

The confrontation between relator and respondent, although involving a question of first impression in this state, is tightly circumscribed. Does a magistrate at the preliminary hearing stage of a felony prosecution initiated by verified complaint have jurisdiction to inquire into an accused's mental fitness to proceed? The answer to this question collectively lies in the Rules of Criminal Procedure, the Sixth Amendment to the Constitution of the United States, basic concepts of fundamental fairness associated with due process in criminal proceedings, and Section 552.020, supra.

Rule 23.02, V.A.M.R., explicitly states, inter alia, that "[n]o information charging the commission of a felony shall be filed against any person unless the accused shall first have been accorded the right of a preliminary examination before a magistrate in the county where the offense is alleged to have been committed" and that the accused may waive a preliminary examination only "after consultation, or after being accorded the right of consultation, with his counsel". Rule 23.08 provides, in part, as follows: "If *upon examination of the whole matter* the magistrate shall determine that no felony has been committed by any person, or that there is no probable cause for charging the

accused therewith, he shall discharge such accused. If it appear that a felony has been committed and that there is probable cause to believe the accused guilty, the magistrate shall hold the accused to answer in the court having jurisdiction of the offense." (Emphasis added.) The language "upon examination of the whole matter" clearly denotes that the dual determination imposed upon a magistrate in a felony preliminary examination, (1) whether a felony has been committed and (2) if committed, whether probable cause exists to believe the accused guilty thereof, commands consideration of all the evidence presented, that of the accused as well as that of the state. This conclusion is buttressed by the fact that Rule 23.03 provides that the preliminary hearing "must be held in the presence of the accused" and additionally grants the accused the right to "cross-examine witnesses against him" and to "introduce evidence in his own behalf". The concluding sentence of Rule 23.03, supra, mandates, so far "as is practicable", that the preliminary examination "shall be conducted in the same manner as the trial of criminal cases in circuit courts".

By virtue of the profoundly important nature of the determination to be made by the magistrate at the preliminary hearing stage (Rules 23.02, 23.08, supra) and the procedural safeguards surrounding an accused with respect thereto (Rule 23.-03, supra), the preliminary hearing in a felony prosecution to be initiated by information is a "critical stage" of the criminal process and an accused's right to counsel thereat reaches constitutional proportions. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). See also Rule 23.03, supra, as amended December 7, 1970, effective July 1, 1971, and the "Official Note" thereto.

Surely the right to counsel at the preliminary hearing stage is more than a cosmetic right. But, just as surely, it would degenerate into a mere cosmetic right if an accused lacked the capacity to understand the nature of the proceeding and to consult with counsel concerning evidentiary aspects of the crucial determination imposed upon the examining magistrate. The right to counsel becomes meaningless "as the sound of tinkling brass" if an accused lacks mental capacity to knowingly and intelligently confer with counsel respecting the charge or charges leveled against him and to assist counsel by means of supplying information pertinent to the cross-examination of state's witnesses and the calling of witnesses in his own behalf. Furthermore, the requirement that the preliminary examination be conducted in the "presence of the accused" (Rule 23.03, supra) constitutes nothing more than a legal facade if the accused, due to mental disease or defect, is unable to understand the proceedings or reap the benefits to be derived from consultation with counsel. For all practical purposes such an accused is not present because "in the presence of the accused" necessarily presupposes an accused who possesses mental capacity to understand the nature of the proceeding, and, as well, mental capacity to confer with and assist counsel. If this court adheres to the proposition that the preliminary hearing stage in a felony criminal proceeding is a "critical stage", Coleman v. Alabama, supra, and Rule 23.03 supra, inability of an accused to be rationally present and effect a meaningful rapport with counsel has overtones of a denial of due process that pervades the entire felony criminal process.

Does Section 552.020, supra, proscribe inquiry by an examining magistrate at the preliminary hearing stage into an accused's mental fitness to proceed? The statutory provisions thereof bearing on this inquiry are: "1. No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures."; and "2. Whenever any judge or magistrate has reason-

able cause to believe that the accused has a mental disease or defect excluding fitness to proceed he shall, upon his own motion or upon motion filed by the state or by or on behalf of the accused, by order of record, appoint one or more private physicans to make a psychiatric examination of the accused or shall direct the superintendent of a facility of the division of mental diseases to have the accused so examined by one or more physicans whom the superintendent shall designate." The first paragraph of Section 552.020, supra, neither designates a particular time for inquiring into an accused's mental fitness to proceed nor prohibits such inquiry by an examining magistrate at the preliminary hearing stage. On the other hand, the second paragraph of Section 552.020, supra, expressly authorizes "any judge or magistrate" who has "reasonable cause to believe" that an accused "has a mental disease or defect excluding fitness to proceed" to order an examination pursuant to Section 552.020. One additional paragraph of Section 552.020, supra is of significance. Paragraph 7 thereof provides, in part, that if it be determined pursuant to Section 552.020 that "the accused lacks mental fitness *to proceed, the proceedings* against him *shall be suspended* and the court shall commit him to the custody of the director of the division of mental diseases for so long as the unfitness endures or until the *charges or proceedings are disposed of* according to law." (Emphasis added.)

Only a tortured construction of the statutory language of Section 552.020, supra, done at the expense of abrogating basic constitutional rights of an accused, could dictate a holding that a magistrate lacks jurisdiction to inquire into an accused's mental fitness to proceed at the preliminary hearing stage. The language employed in Section 552.020, supra, contains no indication that the legislature intended to limit the right to inquire into the mental fitness of an accused to proceed in a felony prosecution to the court having jurisdiction to try, convict and sentence him.

To the contrary, the language employed evinces a legislative intent to vest an examining magistrate at the preliminary hearing stage with jurisdiction to inquire into an accused's mental fitness to proceed, as well as the judge of the circuit court after a felony information has been filed.

This court, on its own initiative, has gone beyond the arguments tendered by respondent herein and considered various attendant practical ramifications. The following are but a few examples. Will inquiries into the mental fitness of an accused to proceed at the preliminary hearing stage be unduly disruptive of the widely employed practice of prosecuting felonies by information? Will such inquiries be financially burdensome? Does the fact that such inquiries have historically been deferred until an information has been filed in the circuit court constitute a judicially sound basis for holding that examining magistrates at the preliminary hearing stage lack jurisdiction to do so? At best, these are hollow arguments. They must yield to the preservation of basic constitutional rights afforded an accused, and, as well, to the pervasive legislative intent expressed and found in Section 552.020, supra. Basic rights become a sham when convenience or unyielding adherence to a routine method of doing things takes precedence over substance. Justice is mocked if an accused, who, in fact, is mentally unfit to proceed, is effectively deprived of a meaningful and viable preliminary examination because of his mental status. The mockery is compounded if a mentally ill accused is subjected to incarceration without treatment during the interim. If an accused be both mentally unfit to proceed and innocent, justice is delayed if inquiry into his mental fitness to proceed is deferred until after he is bound over to the circuit court and an information has been filed.

■  On the combined basis of the Rules of Criminal Procedure cited above, the Sixth Amendment to the Constitution of

the United States, basic concepts of fundamental fairness associated with due process in criminal proceedings, and Section 552.020, supra, this court concludes that respondent is vested with jurisdiction to order a mental examination pursuant to Section 552.020, supra, to determine relator's mental fitness to proceed at the preliminary hearing stage of the felony charges leveled against relator if he has "reasonable cause" to believe that relator has a "mental disease or defect excluding fitness to proceed". This court pointedly emphasizes that such a conclusion in no way transgresses upon respondent's discretionary power to determine whether or not he "has reasonable cause to believe that [relator] has a mental disease or defect excluding fitness to proceed." Such is a discretionary matter for respondent alone to determine and this court has no right or authority to dictate how respondent shall exercise his discretion by mandamus.

The alternative writ in mandamus heretofore issued is made peremptory and respondent is ordered to exercise jurisdiction over and determine, one way or the other, whether "reasonable cause" exists to cause him to believe that relator "has a mental disease or defect excluding fitness to proceed" with a preliminary hearing on the pending felony complaints, and, if such determination be in the affirmative, to order an examination of relator pursuant to Section 552.020, supra, and to proceed further according to law.

All concur.