STATE of Missouri, Plaintiff-Respondent,

v.

Wendell Wayne WRIGHT, Defendant-Appellant.

No. 38017.

Missouri Court of Appeals, St. Louis District, Division Two.

April 26, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Application to Transfer Denied July 11, 1977.

Paul R. Hales, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Donald A. Purdy, Jr., Asst. Atty. Gen., Courtney Goodman, Jr., Pros. Atty., Thomas E. Dittmeier, Noel L. Robyn, Asst. Pros. Attys., Clayton, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from judgments of convictions for robbery in the first degree, §§ 560.120, 560.135 [1] and assault with intent to kill, § 559.180, and respective sentences of thirty-five (35) years and life imprisonment to run concurrently.

For reversal, defendant urges that the trial court erred: (1) in denying defendant's motion to sever the counts; (2) in overruling defendant's objection to the admission of a shotgun into evidence; and (3) in overruling defendant's motion for judgment of acquittal. For reasons hereinafter stated, we affirm the judgment.

From the evidence at trial the jury could find: On April 5, 1975, Lester A. Slattery, Jr., the owner and operator of a cleaning establishment, was robbed and shot. According to Slattery, the defendant presented himself as a customer, but when he gained entrance he revealed a sawed-off shotgun. After Slattery was shot, he lay on the floor until defendant left. Slattery then called his wife.

At approximately 4:25 p.m., the police arrived and secured the scene. A sawed-off double-barreled shotgun and a brown suede-type jacket were found in an alley a block west of the cleaners. The shotgun contained one live and one spent shell. A fingerprint, later identified as the defendant's was lifted from the cashbox.

When the police spoke with Slattery on June 24, he described his assailant as young, around 20 or 21 years of age, light complected and approximately six feet tall. He had "piercing" eyes. He wore some kind of a leather coat and a large hat. From a group of five photographs Slattery identified a picture of the defendant, Wendell Wayne Wright, as his assailant. Slattery also made an in-court identification of the defendant.

At trial, the sawed-off shotgun was admitted into evidence by stipulation. Slattery testified that he had a good look at his assailant's shotgun and that this gun was "just like" it. Officer Joseph Diggs testified that he seized the shotgun from an area approximately 300 to 350 feet away

---

1. All statutory references are to RSMo 1969.

from the cleaners, within three hours of the time when the crime was committed. After Officer Diggs' testimony, defendant's counsel requested leave to withdraw her stipulation of admissibility of the gun. Leave was not granted.

The defense offered was alibi. Defendant's father testified that he, his sons and daughters visited a funeral home around three o'clock that afternoon. Defendant's girlfriend testified that from approximately 4:00 p.m. until after dark she and the defendant ran errands, including picking up a birthday cake at a store quite a distance away. That evening was defendant's mother's birthday party. There was testimony that the defendant was at the party for the entire evening.

■ Defendant's first allegation of error is that the trial court denied his motion to sever the counts and try him separately on each offense, on the basis of an unconstitutional rule. The constitutional question, however, was neither asserted to the trial court nor included in the motion for a new trial. In seeking severance originally, counsel argued only that the range of punishment would prejudice the defendant's case. In the motion for a new trial counsel argued only that such a denial prejudices the defendant at trial in that it keeps the jury from considering each count as a separate offense and therefore the state is not held to the proper burden of proof. In the brief, however, counsel cites supreme court rule 24.04, V.A.M.R., which posits the "same transaction" test for joinder as the authority under which the two counts were tried together. Counsel concedes that the offenses charged arose from the same transaction and then challenges the rule as an unconstitutional exercise of supreme court rule making power under Art. V, § 5 of the Missouri Constitution. The law is well-settled on preservation of constitutional questions.

"To raise constitutional grounds the party asserting them must present and direct the trial court's attention to such an objection by clearly stating with particularity the constitutional grounds at the first opportunity, the sections of the constitution claimed to have been violated, and it must be preserved in the motion for a new trial and must be adequately covered in the briefs. . . ." (*State v. Bibee*, 496 S.W.2d 305, 313 (Mo. App.1973).

See also *State v. Meiers*, 412 S.W.2d 478 (Mo.1967), *State v. Johnstone*, 335 S.W.2d 199 (Mo.1953). Because objection to joinder was not made with particular and specific reference to the constitutional question and because the constitutional question was not preserved in the motion for new trial, nothing is preserved for consideration on appeal. *State v. Johnson*, 472 S.W.2d 393 (Mo.1971); *State v. Hammonds*, 459 S.W.2d 365 (Mo. 1970) and *State v. McDaniel*, 392 S.W.2d 310 (Mo.1965).

Defendant's second allegation of error is the admission of the sawed-off shotgun into evidence. The gun was admitted into evidence by stipulation during the direct examination of Officer Joseph Diggs. Defendant's counsel then cross-examined Diggs after which court recessed. During the recess, defendant's counsel learned for the first time that no attempt would be made to show that the gun was operable. Thereafter in chambers, defendant's counsel requested leave to withdraw her stipulation and attempted to object to the admission of the gun as irrelevant and prejudicial. The motion was denied.

■ Defendant alleges that only the trial court can decide a question of admissibility in the first instance. Defendant contends that in the present case the trial court did not reach the question of admissibility in denying leave to withdraw the stipulation and therefore the case must be remanded. However, when defendant's counsel presented the motion to withdraw, she set forth her objections to its admissibility and the state responded. It cannot be presumed that in denying the motion the trial court did not rule on admissibility. Therefore, we proceed to review the trial court's determination of relevance without deciding the general issue whether a case must be remanded if a trial court heard no arguments on admissibility.

■ In contending that the shotgun was irrelevant and prejudicial, defendant would have us give an unreasonably narrow construction to *State v. Parr*, 296 Mo. 406, 246 S.W. 903 (Mo.1922). Defendant would have us hold "that the existence or placement of a piece of physical evidence must be shown to follow in time the commission of the crime in order to be relevant and admissible." While in *Parr*, supra, a bullet obtained from an automobile roof was admitted into evidence along with testimony that there were no bullet holes in the car before the incident, admissibility was not predicated on the testimony. The *Parr* court enunciated the test in the following manner:

" . . . Any physical object therefore connected with the crime, or parties charged with same, which may tend to show the manner in which the act charged occurred and upon whom or by whom it was committed, is held to form an essential part of the transaction, and may be admitted in evidence. (Citations omitted.) Especial application has been given to the admission of such testimony where the articles, instruments, or weapons indicative of the crime are found near the scene of the homicide subsequent to the commission of the same upon the theory that they may tend to explain the crime, although not otherwise connected with the accused. . . ." (*State v. Parr*, supra, 246 S.W. at 905).

This less stringent standard has been followed consistently by this court, permitting admission of objects such as a scarf, *State v. Henderson*, 510 S.W.2d 813 (Mo.App. 1974) and a screwdriver, *State v. Rains*, 537 S.W.2d 219 (Mo.App.1976), found near the crime scene. In a case in point, cited by neither party, admission of a sawed-off shotgun was upheld over the objection that there was no testimony positively connecting the gun with the defendant, where there was testimony that it looked like or could be the assault weapon, *State v. Stancliff*, 467 S.W.2d 26 (Mo.1971); *State v. Kern*, 447 S.W.2d 571 (Mo.1969); *State v. Johnson*, 286 S.W.2d 787 (Mo.1956) and *State v. Hollins*, 512 S.W.2d 835 (Mo.App. 1974). See also *State v. Alderman,*, 498 S.W.2d 69 (Mo.App.1973). We have expressed those factors which result in inadmissibility in *State v. Davis*, 530 S.W.2d 709 (Mo.App.1975).

"Recapitulating, Exhibit No. 1 was not connected with the crime. It was not found in the possession of appellant or his criminal associates, or under circumstances justifying an inference of the likelihood or possibility of its having been available to appellant for use in the robbery, or that it was otherwise connected with appellant. It was found five days after the robbery at a place far removed from the robbery, in the home of persons who so far as this record shows had nothing whatever to do with the robbery. . . ." (*Id.* at 711).

In the instant case we find that the shotgun found close to the scene of the crime, within a short time after the commission of the crime and identified as being "just like" the one used in the crime is relevant and admissible.

Defendant's final allegation of error is that the evidence was insufficient as a matter of law to sustain the judgment of conviction. Defendant first asserts that the verdict was contrary to the weight of evidence because he "produced three credible witnesses who knew him well and could account for his whereabouts during the time of the commission of the crime." Alibi testimony, however, is for the jury which may believe or disbelieve the testimony, *State v. Eaton*, 504 S.W.2d 12, 16 (Mo.1973).

Confronted with a contention of insufficient evidence, this court must look to the state's evidence alone to decide whether this judgment will stand. Further, in considering that evidence, this court must "consider as true all evidence favorable to the state together with inferences that can reasonably be drawn therefrom and must reject contrary evidence and inferences. . . ." *State v. McClinton*, 418 S.W.2d 55, 57 (Mo. banc 1967). See also *State v. Wiley*, 522 S.W.2d 281 (Mo.1975); *State v. Bruton*, 383 S.W.2d 525 (Mo.1964); and *State v. Ross*, 371 S.W.2d 224 (Mo.1963).

■ The state's evidence and the inferences drawn therefrom prove the elements of both counts. For conviction on the count of assault with the intent to kill, the following must be shown (1) Defendant shot at or used a deadly weapon against Slattery, (2) that the weapon as used was likely to produce death or great bodily harm, (3) that the defendant acted with malice aforethought and (4) that in so doing defendant intended to maim or rob Slattery. See MAI–CR 6.22(b). For conviction on the count of robbery with a dangerous and deadly weapon, it must be shown that (1) the defendant by means of a dangerous and deadly weapon (2) took property from Slattery, (3) against Slattery's will by violence to his person. See MAI–CR 7.62. To prove these elements the state offered two positive identifications of the defendant and defendant's fingerprint on the cashbox. These placed the defendant at the crime scene. The fingerprint allows the inference that the defendant took the money from the cashbox. Slattery testified that defendant carried a sawed-off shotgun and shot him with it. Shooting a sawed-off shotgun at a man at close range is unquestionably likely to produce death or great bodily harm. Slattery's injuries as a result of the gunshot are matters of record in this case. Although no money was ever recovered from the robbery, Slattery did testify as to the fact of a robbery and the amount stolen. Finally, ". . . the law presumes malice as a concomitant of an assault with a deadly weapon in the absence of countervailing testimony or circumstances" *State v. Webb*, 518 S.W. 317, 321 (Mo.App.1975); *State v. Jackson*, 477 S.W.2d 47 (Mo.1972); *State v. Burns*, 328 S.W.2d 711 (Mo.1959). Therefore, the requisite criminal intent has been shown. While defendant argues for reversal for the reason that a conviction cannot stand on presumption based on presumption, the concept is inapplicable here as there is direct evidence on each element of the crime of sufficient nature to sustain the conviction.

Defendant also argues that prejudicial undercurrents affected the jury's decision in this case. These issues, presented for the first time in this appeal, were not properly preserved at trial and therefore are not considered by this court.

Accordingly, judgment is affirmed.

SMITH and STEWART, JJ., concur.