**STATE of Missouri, Respondent,**

v.

**William SYKES, Appellant.**

**No. KCD 29680.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Robert A. Simons, Kansas City, for appellant.

John D. Aschroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant, a second offender, was charged by information with the crime of selling heroin, a Schedule I controlled substance. A jury found him guilty of the charged offense and the trial court fixed his punishment at ten years imprisonment.

Defendant does not question the sufficiency of the evidence to support his conviction. The state's evidence was simple, direct and straightforward. On June 27, 1975, a female informant called the police and advised that she had arranged a "buy" from defendant. The informant then led two plainclothes police officers to 31st and Prospect in Kansas City, Missouri, where she and one of the officers bought three "caps" from defendant. A subsequent laboratory analysis confirmed that the three "caps" contained heroin.

All of defendant's efforts on appeal are funnelled into one point of alleged error: "The court erred by allowing the prosecutor during his cross-examination of the appellant to draw the inference that the appellant was under a duty to produce evidence on his own behalf contrary to the requirements of the Fifth and Fourteenth Amendments to the Constitution." The evidentiary background for this single point unfolds as follows: Defendant took the stand in his own behalf and testified, inter alia, that on the occasion in question he was at the corner of 31st and Prospect in the company of three friends—Jeno Lewis, Eddie Lee and Baby Lawrence. He further testified that the informant approached him and his three friends and asked if they had any drugs. Defendant denied he had any drugs, denied that he sold any drugs to informant, and denied that he sold any drugs to anyone else. On cross-examination, the following questions were put to defendant by the state, and the following answers were given by defendant in response:

"Q How long had you known Baby Lawrence and Jeno and Eddie Lee?

A Well, when I was paroled here to Kansas City, '73, I met them through the program when I was up there six weeks.

Q And this occurred two years ago, right?

A Sure.

Q During the two year period, have you made any effort to contact Eddie Lee, Baby Lawrence or Jeno?

A Baby Lawrence is in Fort Worth and Eddie Lee, he died of an overdose, overdose of drugs last year I think it was. And Jeno, I don't know where he stays, but if I knew where he stayed, he would probably come and tell you the same thing.

Q My question was did you make any effort to find them.

A Sure.

Q What did you do?

A I didn't find either one of them.

Q No, I say what efforts did you make to find them.

MR. SIMONS [defense counsel]: Your Honor, I object. May we approach the Bench, please."

A lengthy discussion outside the presence of the jury then ensued between judge and counsel, the upshot being that the prosecuting attorney withdrew the question which defense counsel had objected to and the general subject matter was dropped and never pursued further by the state. On appeal, defendant appears to take the position that the trial court of its own volition should have stopped the prosecuting attorney from embarking on the presently complained of course of interrogation on the ground that it violated defendant's constitutional privilege against self-incrimination.

■ Procedurally, the untimeliness of defendant's objection, coupled with defendant's failure to move to strike his preceding testimony, or to have the jury instructed to disregard it, or for declaration of a mistrial, preserved nothing for appellate review. *State v. Velanti*, 331 S.W.2d 542, 547 (Mo.

1960); and *State v. Wintjen,* 522 S.W.2d 26, 28 (Mo.App.1974).

 Substantively, defendant's single point viewed anent the trial record leaves no doubt that it lacks virility on appeal even if it had been properly preserved. Cases are legion holding that an accused in a criminal case who voluntarily takes the stand as a witness in his own behalf waives his constitutional privilege against self-incrimination and subjects himself to the perils of cross-examination to the extent permitted by law. As representative of such cases, see *State v. Graves,* 352 Mo. 1102, 182 S.W.2d 46 (1944), and *State v. Hill,* 328 S.W.2d 656 (Mo.1959). Defendant has never claimed, either during trial or on appeal, that the line of cross-examination pursued by the state went beyond the bounds prescribed in Section 546.260, RSMo 1969. Even if it did, it did not go so far as to suggest that the verdict of guilt returned by the jury represented a "manifest injustice or miscarriage of justice" so as to bring the scope of the cross-examination pursued by the state within Rule 27.20(c), the "plain" error rule. Frankly, defendant's contention on appeal that the cross-examination which he was subjected to violated his constitutional privilege against self-incrimination injects a totally false issue in the case. For reasons stated, defendant's single point on appeal is found to be totally lacking in merit.

Defendant's adroit attempt on appeal to raise an unpreserved issue into one of constitutional magnitude having failed, the judgment below is affirmed.

Judgment affirmed.

All concur.