**STATE of Missouri, Respondent,**

v.

**Calvin WISHOM, Appellant.**

**No. 39356.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

Roy A. Walther, III, Crouppen, Walther, Zwibelman & Walsh, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

### 1. Case History

Defendant appeals from a conviction in the Circuit Court of the City of St. Louis of first degree robbery after a trial by jury. The jury set punishment at twenty-five years. We affirm.

### 2. Facts Pertinent to This Decision

At about 12:50 a. m. on December 30, 1976, George Lee admitted the defendant Calvin Wishom and his companion John Bradford into his apartment. Both men drew knives and demanded that Lee turn over his money to them. While Lee was kneeling on the floor with a knife held to his throat by defendant Wishom, the police arrived in response to a neighbor's call who had heard through a partition wall threats being made by Wishom and Bradford to Lee. The first patrolman who entered the bedroom where Lee had been taken found Lee in this position.

On January 25, 1977, six days after an information had been filed charging defendant Wishom with the crime, he signed an affidavit of indigency in which he stated he was unable to employ counsel to defend him. The court thereupon on that same date appointed the public defender's office and an assistant in that office entered his appearance on behalf of the defendant. On the same day this attorney made a request for discovery and filed a motion for dismissal of Count II in the information charging the defendant with armed criminal action. This was later sustained. On March 30, 1977, the assistant public defender who had been representing Wishom filed a motion to withdraw stating that the defendant expressed "great hostility" toward him, wished to discontinue the representation and further wished to proceed pro se. On April 7, 1977, the court held a hearing concerning Wishom's plea to represent himself in the defense of the charges against him. Wishom complained that the public defender had not communicated with him and had failed to interview witnesses to get ready for trial. The assistant public defender replied that he had discussed the case with defendant Wishom and had communicated with him numerous times on the telephone. He further stated that he had an investigator from his office interviewing the witnesses for the defendant at that time. Upon inquiry by the court Wishom disclosed that he had graduated from high school and had had a few years of college. He also claimed to have had about two years of legal training in military service. He stated that he also represented himself in the Federal Court in a suit which he had filed. Afterward the judge informed Wishom that he would be expected to comply with the rules governing trial procedure and that in the judge's opinion it would be a mistake for him to represent himself. But upon defendant's insistence, the public defender was allowed to withdraw and Wishom was informed that he could under take his own defense. On May 4, 1977, the case was called for trial and when the judge asked defendant Wishom whether he still wished to represent himself, defendant replied that he did not. The court thereupon appointed counsel who was familiar with the case and the case proceeded to trial.

After the jury panel was questioned on voir dire as to the qualifications of its members to serve on the jury, the attorney representing the defendant out of the hearing of the panel informed the court that defendant Wishom had changed his mind and would now like to represent himself. The court then told defendant's attorney that it was too late for this to be done and that he would not permit him to withdraw at that time. The case then proceeded to trial with defendant represented by his court-appointed counsel.

### 3. Issues Submitted and Their Determination

The issues raised in the points relied on in defendant Wishom's brief will be discussed

sequentially in the order in which they were raised in defendant's brief and will bear the same Roman numeral designation.

■ I. Defendant charges that the trial court erred when it overruled defendant's motion to proceed pro se because the court in effect forced counsel upon defendant. This point is raised under the plain error rule, Rule 27.20(c), because it was not set forth in the motion for new trial. An objection was not made at the time of the ruling by the trial court. Constitutional questions must be raised in the trial court at the earliest opportunity. They may not be raised for the first time in the appellate court. And his constitutional grounds for objection must be kept alive and preserved throughout the case including his motion for new trial. *State v. Meiers*, 412 S.W.2d 478, 481 (Mo.1967); *State v. Wright*, 551 S.W.2d 884, 886[1] (Mo.App.1977); *McCrary v. State*, 529 S.W.2d 467, 472[7] (Mo.App. 1975). To invoke the "plain error rule" under Rule 27.20(c) as contended by appellant, " . . . there must be a sound, substantial manifestation . . ., a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked." *State v. Meiers, supra* at 480–81. This is a discretionary rule and justification for its use in this case does not appear. A perusal of the transcript indicates that he was well represented by appointed counsel at the time of the trial and we do not see that the court's action in refusing his second request to represent himself constituted a manifest injustice or miscarriage of justice within the plain error rule.

■ II. Defendant contends that the trial court erred again under the plain error rule when it overruled defendant's motion to proceed pro se because defendant has a constitutional right to defend himself. It is true that under certain circumstances which we do not find here, a defendant has the right to represent himself and proceed pro se in the trial of the case. *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). But again defendant failed to preserve such error in his motion

for new trial and we do not find that the contention should come within the terms of the plain error rule for the reasons heretofore given.

*4. Disposition*

The judgment is affirmed.

GUNN, P. J., and KELLY, J., concur.