**STATE of Missouri, Respondent,**

v.

**John BRADFORD, Appellant.**

**No. 39355.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

Charles H. Staples, Staples & Willis, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

### 1. Case History

Defendant appeals from a conviction in the Circuit Court of the City of St. Louis of first degree robbery after trial by jury. The jury set punishment at twenty-five years. We affirm.

### 2. Facts Pertinent to This Decision

The defendant John Bradford accompanied Calvin Wishom to the apartment of George Lee on December 30, 1976, and there engaged in the robbery of George Lee. The details of the robbery are related in the case of State v. Wishom, 578 S.W.2d 275, No. 39356, opinion dated December 27, 1978, handed down concurrently with this opinion. Bradford was arrested by an officer just as he let himself out the rear door of the apartment.

### 3. Issue Submitted and Its Determination

Defendant contends on appeal that the trial court erred in failing to grant a mistrial and in failing to exclude testimony concerning a knife attributed to the defendant as a result of the State's failure to comply with Rule 25.32. This rule sets out matters which must be disclosed by the State to the defendant without court order. Apparently the State had given defendant's counsel a copy of the police report but failed to furnish a copy of a supplementary police report which was later on discovered in the police file. The supplementary police report mentioned a second knife which was attributed to being the one used by defendant Bradford. The fact that a knife was wielded by Bradford was previously alluded to. Victim Lee had testified that each of the alleged robbers had a knife and they were charged in the information with having "knives." The substance of defendant's contention according to his brief is that the refusal of the trial judge to grant a mistrial or to exclude prejudicial evidence with the judge's failure to grant a continuance constituted an abuse of discretion. The only relief requested when the matter was raised at trial was that the court grant a mistrial.

As we previously stated, defendant Bradford was found guilty of robbery in the first degree on May 6, 1977. The transcript does not disclose that any request was made for an extension of time in which to file a motion for new trial. A timely motion for new trial was filed on May 16, 1977, but the grounds for the motion did not contain any assertion of error because of failure of the State to supply defendant's counsel with a copy of a "supplementary police report." This ground is first asserted in an amended motion for new trial which was filed out of time on May 25, 1977. Any after-trial motion filed beyond the ten days authorized under Rule 27.20, when no extension was granted, is a nullity and the matter therein contained is not for review in an appellate court. State v. Mucie, 448 S.W.2d 879, 890[16] (Mo.1970).

### 4. Disposition

The judgment is affirmed.

GUNN, P. J., and KELLY, J., concur.