**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Manual JOHNSON,
Defendant/Appellant.**

**No. 53169.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Kate Markie, Columbia, for defendant/appellant.

Kevin Barbour, Poplar Bluff, for plaintiff/respondent.

KAROHL, Presiding Judge.

Defendant Manual Johnson was charged with assault first degree, two counts. The information alleges that he knowingly caused serious physical injury to James and Irene Bennett by shooting them. Section 565.050 RSMo 1986. In addition, he was charged with two counts of armed criminal action in relation to the assault charges. Section 571.015 RSMo 1986. Defendant was jury tried, convicted and sentenced to serve concurrent sentences of thirty years on each of the assault charges. He was sentenced to serve concurrent sentences of ten years on each of the armed criminal action charges. However, the assault sentences are consecutive to the armed criminal action sentences.

Defendant appeals on the following ground:

THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTOR TO ELICIT FROM APPELLANT ON CROSS–EXAMINATION THAT AT HIS FIRST PRELIMINARY HEARING, WHERE HE WAS UNREPRESENTED BY COUNSEL, HE HAD AFFIRMED, WHEN ASKED BY HIS MOTHER, THAT ALL OF THE TESTIMONY PRESENTED AT THE HEARING WAS TRUE, BECAUSE SUCH EVIDENCE VIOLATED APPELLANT'S RIGHT AGAINST SELF–INCRIMINATION UNDER THE FIFTH AMENDMENT, IN THAT APPELLANT WAS THEREBY FORCED TO TESTIFY THAT HE HAD CONFESSED TO HIS MOTHER, WHICH CONFESSION THE JURY WOULD BELIEVE AS OPPOSED TO APPELLANT'S TRIAL TESTIMONY BECAUSE IT WAS MADE TO HIS MOTHER, AND IN THAT SUCH CONFESSION WAS INVOLUNTARY AND IT WAS MADE UNDER COERCIVE CONDITIONS WITH APPELLANT IN CUSTODY, AND WITHOUT THE COURT'S ENSURING THAT APPELLANT UNDERSTOOD HIS ABOVE–MENTIONED CONSTITUTIONAL RIGHTS OR THAT SUCH ADMISSION COULD BE USED AGAINST HIM AT TRIAL.

It is obvious that defendant's stated point is not clearly discernable nor does it comply with Rule 30.06(d) which requires that "the points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed." The point is neither brief nor is it concise. We believe that the defendant claims the trial court erred in permitting cross-examination during trial on a matter which occurred during a preliminary hearing in violation of defendant's Fifth Amendment protection against self incrimination. We borrow from the first paragraph of respondent state's brief which supplies a concise statement of the apparent claim of error: "Appellant argues as his sole point of appeal that the trial court committed reversible error in permitting the prosecutor to cross-examine and elicit testimony from him with respect to whether he, at the preliminary hearing and in open court, admitted to his mother that the incrimination testimony presented by the state was true. Specifically, appellant alleges that, at the time of the confession, he was not represented by counsel and had not been advised of the full panoply of his constitutional rights; and the admission of his confession, as it

was rendered involuntarily under coercive conditions, violated his constitutional right to due process of law."

Defendant does not contest submissibility. Briefly, the state's evidence supported a finding by the jury that Mr. and Mrs. Bennett returned to their home in Neelyville, Missouri, on July 30, 1986, at approximately 3:15 p.m. Mrs. Bennett testified she came face-to-face with defendant, a close neighbor. This occurred in a bedroom. She screamed and defendant shot her in the face. Mr. Bennett entered the home and saw defendant who then shot him in the collar bone and fingers. Defendant then fled from the Bennett home.

We find in the legal file docket notations on the court docket which indicate that the defendant enjoyed two preliminary hearings for these charges. The first occurred in the absence of counsel but after defendant twice refused the appointment of counsel. He was held for trial in the circuit court. When the case reached the circuit court appointed counsel requested and the circuit court granted a remand to the associate circuit court for a second preliminary hearing. Defendant was again held for trial. The trial transcript, part of which we will reproduce, discloses no record was preserved of the original preliminary hearing. The relevant events took place at that hearing.

The point on appeal is the legality of the cross-examination of defendant, over objection, concerning an event which occurred at the first preliminary hearing. Before defendant elected to testify the trial court cautioned him that he would be subject to cross-examination. During the cross-examination the state elicited evidence from the defendant that at the time of his arrest and on subsequent occasions he was advised of his constitutional rights. He signed a Miranda waiver. When asked about the waiver defendant volunteered that after signing it he "didn't see that paper no more until after this morning at the preliminary hearing."

The prosecuting attorney then began to question the defendant about the prelimi-

nary hearing. At the request of defense counsel the matter was developed before the court out of the hearing of the jury. The prosecuting attorney disclosed that he intended to inquire about an event that occurred at the first preliminary hearing where, at the conclusion of the *defendant's* testimony, and at the request of defendant's mother she was permitted by the preliminary hearing judge to ask her son if the preliminary hearing testimony was true. Defendant affirmed that it was. Defense counsel objected on the grounds that the proposed enquiry was: (1) highly prejudicial; (2) defendant was not represented at the time; and, (3) defendant was not advised of his right to remain silent. The trial court reviewed the court docket entries. The entries informed the court there was no transcript record of the preliminary hearing; the defendant twice refused appointment of counsel after "he was advised of counsel." The court observed that defendant was not interrogated by the police, but by his mother who was also present in the trial court room.

The trial court then excused the jury from the courtroom and requested defendant's mother to testify. The court examined defendant's mother about the events at the first preliminary hearing. She testified that: (1) her son was not represented by counsel; (2) the judge told her son he had a right to have an attorney; (3) her son said he did not want an attorney and wanted to proceed with the preliminary hearing; (4) she heard the statements made against her son at the preliminary hearing; (5) after the preliminary hearing she received permission of the judge to ask her son a question; (6) she "asked him if all of the testimony that he had heard was the truth"; (7) in answer to that question defendant said "Yeah"; and, (8) Mr. Bennett had testified at the preliminary hearing in the manner in which he testified during the trial of the case, specifically that defendant shot him. Thereafter, defendant's counsel cross-examined defendant's mother.

At the conclusion of the in camera proceeding counsel for the defendant stated an objection anticipating cross-examination of defendant regarding the preliminary hear-

ing incident. The objection was made on the grounds that such questioning would violate: (1) defendant's right to counsel under the Sixth Amendment to the United States Constitution; (2) his right to remain silent and the Fifth Amendment to the United States Constitution; (3) his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution; and, (4) "fundamental fairness under all of the Bill of Rights to have a defendant who is not represented by counsel, who has *refused* counsel, for this Court to allow what is in effect an admission of committing a crime and that he [defendant] made to his mother in open court and in front of several people."

The trial court recognized the highly unusual situation. He overruled the motion on all grounds. The trial court found: (1) no state action was present in the preliminary hearing question and response at issue; (2) "according to the record, the [preliminary hearing] Judge had advised the defendant of his right to counsel, and he had refused"; and, (3) the request of defendant's mother for a response was not a coercive measure in violation of defendant's right to remain silent, but rather it was a factor to be weighed by the jury in considering the weight or credibility of the testimonial evidence.

For several reasons we find defendant's claim of error without merit. First, the right to counsel is not absolute. Defendant is entitled to assistance at all critical stages in a criminal proceeding, including a preliminary hearing or at a plea hearing. *See, McBride v. State*, 484 S.W.2d 480, 481 (Mo. 1972). Defendant here waived any right to counsel at the preliminary hearing. Defendant can waive his right if the waiver is made knowingly and intelligently. Defendant's capacity to make a knowing waiver was a matter for the judge in the associate court. *See, State ex rel. Vaughn v. Morgett*, 526 S.W.2d 434, 438 (Mo.App.1975).

Second, defendant elected to testify in his own defense on the merits. He contended that Mr. Bennett shot at him and testified that he did not shoot either Mr. or Mrs. Bennett. There is no claim that defendant was coerced to testify at the preliminary hearing or at the trial. Defendant

does not challenge the state's right to cross-examine him or the scope of the proposed cross-examination. Under these circumstances defendant waived any Fifth Amendment right to remain silent and not to be compelled to testify against himself. *State v. Sykes*, 573 S.W.2d 112, 114 (Mo. App.1978). A defendant in a criminal case who voluntarily takes the stand as a witness in his own behalf waives his constitutional privilege against self-incrimination and subjects himself to the perils of cross-examination to the extent permitted by the law. *Id.* at 114.

Third, defendant made the statement during the preliminary hearing. During cross-examination at trial he admitted making the statement to his mother. However, he also testified he was not confessing to shooting the Bennetts when responding to his mother's question. Rather, at the preliminary hearing he was not permitted to fully explain that he was merely acknowledging the testimony that he had done the shootings, even if untrue, was before the preliminary hearing judge. The ruling does not violate Fifth or Fourteenth Amendment rights to due process.

Fourth, no motion to suppress this testimony was made before trial. Other than the objection made at trial no motion to suppress was made or ruled on. Defendant was not surprised by this testimony because he was aware of his own statements and he acknowledged that he made them during the original preliminary hearing. Accordingly, the issue presented is technically not preserved for appellate review unless the objection is considered as a motion to suppress. *State v. Brayfield*, 540 S.W.2d 233, 235–36 (Mo.App.1976). A motion was required to preserve for appeal his contention that such evidence was inadmissible when he necessarily knew that as a part of the state's evidence his testimony would be offered into evidence. *State v. Flynn*, 519 S.W.2d 10, 11 (Mo.1975). On this basis, our review is limited to plain error under Rule 30.20. Under all the facts and circumstances we find no error plain or otherwise.

Fifth, defendant made the statements during or at the end of his original preliminary hearing. There is no evidence what-

ever that the statement made to defendant's mother was coerced by any law enforcement authority. The statement was not the product of any improper state action. It was made in open court. On these facts defendant has no standing to claim a due process violation. *Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 520, 93 L.Ed.2d 473 (1986). In *Colorado,* the court remarked that outrageous behavior of a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause. *Id.,* 107 S.Ct. at 521. Any coercive activity complained of must necessarily involve "police coercion." *Id.,* 107 S.Ct at 521–522. The rule also applies where the incriminating statement was made by defendant to a third party under circumstances that were the opposite of outrageous.

We affirm.

SMITH and KELLY, JJ., concur.