**STATE of Missouri, Respondent,**

v.

**Clinton GLADIES, Appellant.**

**No. 54792.**

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

**24**

John C. Danforth, Atty. Gen., Jefferson City, Gene E. Voigts, First Asst. Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., for respondent.

Ronald M. Sokol, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

HOUSER, Commissioner.

Appeal from a judgment of conviction based upon a plea of guilty and from an order overruling appellant's motion to withdraw the plea of guilty filed under Criminal Rule 27.25, V.A.M.R.

Clinton Gladies was originally charged with assault with intent to rape, under § 559.190, RSMo 1959, V.A.M.S., the pertinent portions of which follow: "Every person who shall be convicted of an assault with intent to * * * commit any * * rape, * * * or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by a fine not less than one hundred dollars and imprisonment in the county jail not less than three months, or by a fine of not less than one hundred dollars." He originally pleaded not guilty, but later decided to plead guilty to this charge. On the day he appeared in court to change his plea from not guilty to guilty the State undertook to amend the information by interlineation by adding the words "with malice aforethought" after the words "did then and there unlawfully and feloniously." The purpose was to change the charge from assault under § 559.190 to assault with malice under § 559.180, RSMo 1959, V.A.M. S. The latter section, which proscribes a more serious crime and prescribes a much graver range of punishment, provides in pertinent parts as follows: "Every person who shall, on purpose and of malice aforethought, * * * assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to * * *

ravish * * * such person, or in the attempt to commit any burglary or other felony, * * * shall be punished by imprisonment in the penitentiary not less than two years."

After some preliminary explanations, an off-the-record colloquy, and consultation with counsel, appellant entered a plea of guilty to the information as amended. Court, counsel and appellant considered that appellant was pleading guilty to a charge under § 559.180. The court ordered a presentence investigation. Before sentence was passed appellant filed this motion to withdraw the plea of guilty on the ground of surprise, inadequate opportunity to reflect on the amendment and the possible punishment, undue haste, innocence, and that he was not in full possession of his faculties because he was still feeling the effects of an assault made upon him while in the jail. Testimony was heard. The court overruled the motion and sentenced appellant to five years' imprisonment "for said offense of Assault with Intent to Rape with Malice Aforethought." This appeal followed. Appellant's original brief on appeal dealt only with the point that the court erred in accepting his plea of guilty for the reasons stated in his motion, viz., surprise; insufficient time to reflect on the amendment and its consequences; failure of the court to adequately determine that the plea was voluntarily made, etc. Appellant later filed an amended brief in which he raised the point that the amended information was fatally defective for not alleging that the assault was made "with a deadly weapon, or by any other means or force likely to produce death or great bodily harm." This new point goes to the jurisdiction of the court. That there must be an information on file charging the defendant with the offense to which he pleads as a jurisdictional prerequisite is established by Montgomery v. State of Missouri, Mo. Sup., 454 S.W.2d 571 (May 11, 1970), and the cases cited therein. A question of jurisdiction may be raised at any stage of the proceeding. The jurisdictional point is

meritorious and is completely dispositive of the appeal.

■ The purported amendment and subsequent proceedings were a nullity. In the first place, the State attempted by way of amendment of an information to charge an offense distinct and different from that charged in the original information. The two offenses proscribed by §§ 559.180 and 559.190 are distinct and different, both in degree and in severity and range of punishment. An amendment operating to charge an offense different from that charged in the original information is not permissible, § 545.300; Criminal Rule 24.02; State v. Thompson, Mo.Sup., 392 S.W.2d 617, and cases cited l. c. 620 [1, 2].[1] Furthermore, as acknowledged by the State, the purported amendment omitted an element of assault with malice, i. e., an allegation that the assault was made with means or force likely to produce death or great bodily harm. "[T]he use of means or force likely to produce death or great bodily harm is an essential element of an offense under Sec- 559.180." State v. Berry, 361 Mo. 904, 237 S.W.2d 91, 93. Merely adding the words "with malice aforethought" without adding the words "by the use of means or force likely to produce death or great bodily harm" did not reconstitute the charge so as to make it a proper charge under § 559.180. The words "with malice aforethought" were mere surplusage added to the original charge. At the time appellant entered his plea of guilty to a purported charge of assault with intent to rape with malice aforethought under § 559.180, and at the time he was sentenced therefor, the information on file charged him with ordinary assault with intent to rape under § 559.190. In legal contemplation no charge of assault with intent to ravish with malice under § 559.180 was pending against him. The court "had no jurisdiction of such a charge and could not accept the plea of guilty or sentence defendant thereon. Such lack of jurisdiction of the subject matter may not be waived." Montgomery v. State of Missouri, supra. Appellant pleaded guilty to a crime with which he was not charged. Accordingly, the judgment and sentence for assault with intent to rape with malice aforethought must be vacated.

■ In this situation there is no merit in the argument of the Attorney General that appellant was not prejudiced by any defects in the amended information charging assault under § 559.180 because in passing sentence the court did not "hold the change against the defendant" but stated that the amendment would not be considered in passing sentence, and proceeded to sentence appellant to a term of imprisonment within the limits prescribed as punishment for a violation of § 559.190. It is patently and undeniably prejudicial to convict a person of a crime with which he has not been charged.

The circuit court is directed to strike the words "with malice aforethought" from the information. On remand the State may proceed further upon the original information or dismiss the cause and file a new information, subject to any possible question of limitations, or proceed otherwise as it may see fit. It may not proceed further in this cause on any charge except that of assault with attempt to rape under § 559.- 190. State v. Thompson, supra, 392 S.W.2d, l. c. 622.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion. Appellant is remanded to the custody of the Sheriff of Jackson County.

WELBORN and HIGGINS, CC., concur.

---

1. Of course, if the information had properly stated a case under § 559.180 (the greater crime) a conviction under § 559.190 (the lesser crime) would have been permissible, because an offense under the latter section is an included offense in a charge under the former section, State v. Testerman, Mo.Sup., 408 S.W.2d 90, 93, but the instant situation is the converse.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HOLMAN and BARDGETT, JJ., and DALTON, Special Judge, concur.

SEILER, P. J., not sitting.