**STATE of Missouri, Respondent,**

v.

**Clinton GLADIES, Appellant.**

**No. 56868.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Douglas N. Merritt, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director Willard B. Bunch, Chief Defender, Kansas City, of counsel.

HIGGINS, Commissioner.

Clinton Gladies was convicted by the court following jury-waived trial of a felonious assault. His punishment was assessed at five years' imprisonment, and sentence and judgment were rendered accordingly. Rule 26.01, V.A.M.R.; §§ 559.-180, 559.190, V.A.M.S.

By information filed September 8, 1968, it was charged that Clinton Gladies "did * * * unlawfully and feloniously make an assault, forcibly and against her will, upon one Dorothy Lee Gentry, with the felonious intent * * * to ravish and carnally know * * *," a graded felony punishable by imprisonment in the penitentiary not to exceed five years under Section 559.190. On September 19, 1968, defendant was arraigned on that charge and he entered a plea of not guilty. On December 9, 1968, the information was amended by interlineation to add "with malice aforethought" between the word "feloniously" and the word "make," the intent being to charge a higher grade of assault under Section 559.180, punishable by imprisonment in the penitentiary for not less than two years (and up to life imprisonment).

Defendant then entered a plea of guilty which the court accepted and after which the court, the Honorable Harry A. Hall, did "reserve sentencing pending a presentence report." On January 16, 1969, prior to his sentencing, defendant moved to withdraw his plea on grounds of surprise by the amendment of the information, inadequate opportunity to reflect on the amendment and possible punishment, undue haste, innocence of the charge as amended, and lack of possession of faculties. On March 6, 1969, this motion was overruled and the court sentenced defendant to five years' imprisonment for the offense of "Assault with Intent to Rape with Malice Aforethought," the offense purportedly charged by the information as amended under Section 559.180.

Upon appeal from the judgment of conviction based upon defendant's plea of guilty and from the order overruling his motion to withdraw the plea of guilty, the supreme court determined in Cause No. 54,792 that the purported amendment and subsequent proceedings were a nullity because: The state attempted by amendment of the information to charge a higher grade of offense under Section 559.180, distinct and different from that charged by the information under Section 559.190 prior to its amendment; the purported amendment omitted an element of the higher grade of assault with malice under Section 559.180, i. e., an allegation that the assault was made with means or force likely to produce death or great bodily harm; and, accordingly, the court had no jurisdiction of a charge of assault with malice under Section 559.180 and could not accept the plea of guilty or sentence defendant thereon. State v. Gladies, Mo., 456 S.W.2d 23, 25[3–5].

Pursuant to these findings, the supreme court vacated the judgment and sentence for assault with intent to rape with malice aforethought, purportedly charged under Section 559.180, and remanded the cause with direction to strike the purported amendment "with malice aforethought" from the original information. The court provided further that upon remand "the State may proceed further upon the original information or dismiss the cause and file a new information, subject to any possible question of limitations, or proceed otherwise as it may see fit. It may not proceed further in this cause on any charge except that of assault with attempt

to rape under § 559.190." 456 S.W.2d 1.c. 25[6].

In the September 1970 term of the Jackson County Circuit Court, after the remand of cause No. 54,792, a grand jury charged by its indictment that Clinton Gladies "did * * * unlawfully and feloniously, and of his malice aforethought, make an assault, forcibly and against her will, upon one Dorothy Lee Gentry, with the felonious intent the said Dorothy Lee Gentry to ravish and carnally know * * *."

The charge contained in the indictment went to trial before Judge O'Leary, a jury having been waived. Appellant does not question the sufficiency of evidence to sustain conviction, and the statement of facts quoted from his brief demonstrates that the state made a case of assault with intent to rape with malice under Section 559.180 and, of course, of the lesser included offense of assault with intent to rape without malice under Section 559.190.

"Dorothy Lee Schmersey testified that on July 14, 1968, she lived alone at 4603 Summit, Kansas City, Missouri. She retired about 11 o'clock on July 13th and awoke later in the night and two men were standing by her bed. She identified Appellant as being one of the men. She said Appellant laid on top of her and said '. . . something to the effect that "You are really going to enjoy this."' The other man was pointing a gun at her. She said she did not scream and Appellant did not touch her body. She said the man with Appellant pulled him off the bed after he had laid on top of her 'about 30 seconds.' Then, she said, the other man handed Appellant a gun and climbed on the bed and touched her breast; she then screamed and the man, who by then had taken back the gun, struck her with the gun and both men ran out the front door. Later she testified Appellant left first. She called the police and the police removed a window sill. She later selected Appellant in a lineup.

"On cross examination, Mrs. Schmersey testified that she had worn glasses for five years prior to July 13, 1968, and was not wearing them that night. There was no light inside the bedroom, but a street light provided lighting. She observed the person she said was Appellant for about two minutes. She was upset and dazed and excited. The man she identified as Appellant did not expose his private parts, never touched her except to lie upon her nor touched nor fondled her private parts.

"On redirection examination she testified that it was 3 to 5 minutes after she awoke until she screamed. She said she saw Appellant leave the bedroom and that Appellant was not in the bedroom when she screamed.

"Detective George Henthorne testified that he processed the apartment and removed a window sill from the north side of the bedroom on July 16. The prints on the sill were on the inside of the apartment underneath the sill.

"Ray Bowman, a fingerprint technician, testified that he received the sill from Detective Henthorne and that a print thereon, in his opinion, was the right middle fingerprint of Appellant.

"Appellant offered no evidence."

At the conclusion of the evidence, the court found defendant "guilty as charged * * * of Assault With Intent to Rape With Malice * * *," and sentenced him to five years' imprisonment for "said offense of Assault With Intent to Rape With Malice * * *." A credit on the sentence was ordered consisting of "time served in the penitentiary from the 6th day of March, 1969, to the 31st day of July, 1970."

█ Appellant contends first that the proceeding resulting in his conviction was a nullity because the trial court and the state failed to comply with the directions of the supreme court. His argument is that the remand ordered in State v. Gladies, supra, 456 S.W.2d 1.c. 25, limited

prosecution to a charge of assault with attempt to rape (without malice) under Section 559.190.

It is true that the supreme court limited further prosecution on the original information filed September 8, 1968, and purportedly amended December 9, 1968, to a charge under Section 559.190. However, the state did not proceed under the original information but elected instead to secure an indictment by which it initiated a new cause by a charge purportedly under Section 559.180. Such procedure was consistent with the permission given by the court to "dismiss the (original) cause and file a new information." State v. Gladies, supra, 456 S.W.2d l.c. 25.

Appellant's second contention is that the indictment now under consideration was "fatally defective in that it failed to allege an offense under Section 559.180 * * * and [such] failure * * * precludes a conviction under Section 559.190." He amplifies this contention by argument that failure to properly charge defendant with an assault with malice under Section 559.-180 deprived the court of jurisdiction to sentence him under that section; and "since the indictment did not charge an offense under § 559.180, Appellant could not be convicted of the lesser included offense of assault without malice under § 559.190."

It is true, as so contended by appellant, that the indictment is insufficient to charge an assault with malice under Section 559.180 because it omitted the charge that the assault was committed by means of a deadly weapon or by any other "means or force likely to produce death or great bodily harm." State v. Berry, 361 Mo. 904, 237 S.W.2d 91, 93; State v. Gladies, supra, 456 S.W.2d l.c. 24[3]. It is also true that failure to so charge an assault with malice under Section 559.180 deprived the court of jurisdiction to sentence defendant under that section. Montgomery v. State, Mo., 454 S.W.2d 571. However, the words "of his malice aforethought"

were simply surplusage with respect to an indictment for assault with intent to rape without malice under Section 559.190, State v. Ivory, Mo., 327 S.W.2d 870, 872[6], State v. Testerman, Mo., 408 S.W.2d 90, 93[5–8], State v. Gladies, supra; and, since the proof was sufficient to establish guilt of the higher grade offense, there is no question of the sufficiency of evidence to support a verdict of guilty "as charged."

Accordingly, the conviction, insofar as it is a conviction of the lesser offense of assault with intent to rape without malice, properly charged by the information under Section 559.190, is affirmed, and the cause is remanded for reassessment of punishment and entry of sentence and judgment on such conviction. State v. Testerman, supra, 408 S.W.2d l.c. 93[8].

When defendant is brought before the court for reassessment of punishment and sentence and judgment on the conviction of assault with intent to rape without malice, the court should give further consideration to credit of any additional jail or penitentiary time that defendant may have served following his first conviction and prior to incarceration, if any, on this conviction. See allegations re jail time credit, Amended Appellant's Brief on Appeal, filed May 16, 1972; Section 546.615, V.A.M.S.; North Carolina v. Pearce [Simpson, Warden v. Rice], 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; State v. Crockrell, Mo., 470 S.W.2d 507.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

BARDGETT, Acting P. J., SEILER, J., and FINCH, C. J., concur.

HOLMAN, P. J., not sitting.