STATE of Missouri, Respondent,

v.

Dwight Eugene COUCH, Appellant.

No. KCD 26878.

Missouri Court of Appeals,
Kansas City District.

May 5, 1975.

James L. McMullin, Hill, McMullin & Wilson, Kansas City, John J. Cosgrove, Kansas City, of counsel, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J. and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

The appellant (hereinafter called "defendant") was tried on an amended information charging him with assault with intent to rape with malice, and was convicted. The jury was unable to agree upon a sentence and the trial court sentenced him to 25 years in the penitentiary. His motion for a new trial was thereafter overruled and this appeal followed.

■ The defendant's *pro se* brief raised a point not theretofore urged and which is dispositive of this appeal. He asserts therein, as error, the fact that the trial court permitted the state to file at the beginning of the trial an amended information wherein the original charge of assault with intent to rape *without malice* was amended to charge assault with intent to rape *with malice*, which he asserts charges a new and different offense carrying a greater penalty. It should be here noted that the amendment by the state was made without objection (and indeed, with the consent of the defendant and his counsel); defendant signed a written waiver of preliminary hearing on the amended information; and no allegation of such error was asserted during the trial nor in the motion for a new trial. Nevertheless, since the point now made is an attack upon the sufficiency of the information upon which the defendant was tried and convicted (and indeed, therefore, an attack upon the jurisdiction of the

trial court) the same must be considered upon this appeal. Criminal Rule 28.02, V.A.M.R., provides in pertinent part:

" * * * Allegations of error respecting the sufficiency of the information or indictment, verdict, judgment and sentence shall be considered upon an appeal although not raised in the trial court or preserved for review. * * * "

The statutory sections of the criminal code here involved are Sections 559.180 and 559.190 RSMo 1969, V.A.M.S. Section 559.-180 in pertinent part provides:

"*Assault with intent to kill.* Every person who shall, on purpose and of malice aforethought, shoot at or stab another * * * or by any other means or force likely to produce death or great bodily harm, with intent to * * * ravish * * *, shall be punished by imprisonment in the penitentiary not less than two years."

Section 559.190 in pertinent part provides:

"*Punishment for assaults.* Every person who shall be convicted of an assault with intent to * * * rape * * *, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years * * * "

■ It has been held that the basic distinction between the offenses covered by these sections is the existence of malice, which brings the charge within Section 559.180 RSMo 1969, V.A.M.S., the greater offense which carries a maximum penalty of life in the penitentiary. For an information to fall within the mold of this section, it must allege an assault upon a specified person, the existence of malice, the means used and the intent. State v. Gillespie, 336 S.W.2d 677, 680[3] (Mo.1960); State v. Lane, 371 S.W.2d 261, 264[4] (Mo.1963).

Section 559.190 RSMo 1969, V.A.M.S., is intended to cover a less aggravated assault than Section 559.180 RSMo 1969, V.A.M.S.,

and carries a maximum penalty of five years in the penitentiary. State v. Hagerman, 244 S.W.2d 49, 51[1] (Mo.1951).

"The two offenses proscribed by §§ 559.-180 and 555.190 are distinct and different, both in degree and in severity and range of punishment." State v. Gladies, 456 S.W.2d 23, 25[3] (Mo.1970).

■ While certain amendments to information as to form or substance may be permitted, it has long been held that such amendments are not permissible if the effect thereof is to charge an offense different from that charged in the original information. Cr. Rule 24.02; State v. Thompson, 392 S.W.2d 617, 620[1, 2] (and cases therein cited) (Mo.1965); State v. Gladies, supra, at l.c. 25.

The amended information upon which the defendant was tried in pertinent part charged as follows:

"Amended Information
Assault with Intent to Rape With Malice

\* \* \* \* \* \*

Now comes James F. Speck Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the Court, that Dwight Eugene Couch, * * * on the 15th day of July, 1972, at the County of Jackson, State of Missouri, did then and there unlawfully feloniously *and of his malice aforethought* make an assault, forcible and against her will upon one * * * with the felonious intent the said * * * to ravish and carnally know; against the peace and dignity of the State." (Emphasis supplied)

■ This amended information is identical to the original information except for the name of the charging officer and the addition of the words italicized "and of his malice aforethought". The amendment was intended by the state to charge an offense under Section 559.180 and thus at-

tempted to charge a greater offense, distinct and different from the charge originally lodged under Section 559.190.[1] The state, counsel for defendant, and the court proceeded through the trial, verdict, judgment, allocution and sentencing (for five times the maximum penalty provided in Section 559.190) upon this assumption. It is clear, however, that such alteration of the charge by amendment fell squarely within the proscription of Rule 24.02 and the cases cited supra, and the proceedings were therefore a nullity.

■ There is a further reason why the amended information is fatally defective. Even if such an amendment were permissible, the information upon which defendant was tried did not properly charge an offense under Section 559.180. An essential element of a charge under that section (in addition to malice aforethought) is the "use of means or force likely to produce death or great bodily harm". State v. Berry, 361 Mo. 904, 237 S.W.2d 91, 93 (1951); State v. Gladies, supra (456 S.W.2d 23, 25[3] Mo. 1970).

■ It follows as a matter of irresistible logic that the amended information herein was both basically impermissible (as an attempt to charge a new and different offense) and technically imperfect (as failing to properly hypothesize the necessary elements of the new charge). The trial court thus had no jurisdiction of any charge under Section 559.180, the subject matter of the proceeding, and therefore could not sentence the defendant thereon. "Such lack of jurisdiction of the subject matter may not be waived" by any action of the defendant or his counsel. Montgomery v. State, 454 S.W.2d 571, 575[6] (Mo.1970); State v. Gladies, supra (456 S.W.2d 23, 25[5] Mo.1970).

That defendant's substantial rights were thus affected is obvious, because as noted above, he received a sentence from the court of five times the maximum penalty provided under Section 559.190 and under the information then pending against him.

The only other point urged by the defendant to reverse his conviction relates to alleged prejudicial statements by the prosecuting attorney in his opening and closing arguments to the jury. A proper record was preserved by defense counsel in the trial, after-trial motion and upon this appeal with reference to this point. The record has been carefully studied and the authorities reexamined and the conclusion reached that the arguments both alone and in accumulation were, indeed, improper and prejudicial to the defendant.

■ Because this case must be reversed and remanded in any event, it would unduly lengthen this opinion to detail the evidence constituting the factual background and excuse advanced by the state to justify these arguments. In summary, however, all of the objectionable arguments dealt with the likelihood of the defendant repeating his alleged crime upon other girls in the future and the danger thus posed to the community if the jury failed to convict him.

The justification for these arguments adopted by the trial court and by the state here is that some two hours after the alleged assault and attempted rape on the complaining witness in this case and her escape from his car, the defendant was apprehended some four or five blocks from the scene of the assault in his car with the motor running and the lights out, parked in the vicinity of an all-night grocery store. From this fact, the state urges that the inference could be drawn in argument to the jury that he was waiting for another victim and would repeat his crime in the future if not imprisoned. This inference was not permissible, the argument about

---

1. The proscription of Rule 24.02 does not apply where the amended information properly charges a lesser included offense.

State v. Gladies, 456 S.W.2d 23, 25[3] (Mo. 1970); State v. Warfield, 507 S.W.2d 428, 430[1] (Mo.App.1974).

possible future criminal actions of defendant was improper, and the complained of arguments were highly prejudicial. State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524, 527–529[4, 5, 6] (banc 1947); State v. Nickens, 403 S.W.2d 582, 585–589 (Mo. banc 1966); State v. Raspberry, 452 S.W.2d 169, 172–173 (Mo.1970); State v. Heinrich, 492 S.W.2d 109, 113–116[7, 9] (Mo.App.1973). The argument in this case does not fall clearly within the ambit of a legitimate analysis of the evidence, the drawing of valid inferences therefrom, or the general "law and order" argument held not to be prejudicial error.

For the reasons herein stated, the judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

All concur.