**STATE of Missouri ex rel. Howard Lee THOMAS, Relator,**

v.

**Honorable James C. CROUCH, Judge, Circuit Court, Douglas County, Respondent.**

**No. 61932.**

Supreme Court of Missouri, En Banc.

July 15, 1980.

Rehearing Denied Sept. 9, 1980.

John E. Price, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for relator.

Robert H. House, Ava, for respondent.

ROBERT R. WELBORN, Special Judge.

Original proceeding in prohibition.

On July 17, 1979, the Prosecuting Attorney of Douglas County filed the following complaint in the Douglas County Circuit Court against Howard Lee Thomas and Herbert Leslie Bunch:

"The Prosecuting Attorney of the County of Douglas, State of Missouri, charges that the defendants, in violation of Section 565.001, RSMo, committed the class A felony of capital murder, punishable upon conviction under Section 565.-008.1, RSMo, in that the defendants willfully, knowingly, with premeditation, deliberately and unlawfully killed Charles M. Polatty by shooting him on or about July 17, 1979, thereby causing him to die on or about July 17, 1979 in the County of Douglas, State of Missouri."

On November 7, 1979, a preliminary hearing was accorded Thomas before an associate circuit judge. At the conclusion of the hearing, the associate judge announced his conclusions, as follows:

"Of course, in a preliminary examination before an Associate Judge, it is not the place of the Court to decide the truthfulness or untruthfulness of the evidence. The evidence must be viewed in the strongest possible light in favor of the State of Missouri.

"For this reason and from the evidence the state has presented, the Court has no trouble in finding that there is probable cause to believe that the defendant shot the deceased, Mr. Polatty.

"However, the Court doesn't view this as does Mr. House. This was a continuing series of events that happened all the way from Springfield down to this final stop in Douglas County, and the Court does not believe that there is any evidence to show deliberation, possibly no evidence to show premeditation on the part of the defendant.

"The legal definition of premeditation as the Court understands it is thought of beforehand for some period of time, however slight. Well, as Mr. House says, this could be just a second, but it does require thought and deliberation is another thing. It is defined by the courts as being done in a cool state of blood.

"The Court feels that the evidence on the part of the state has shown not a cool state of the blood but the fact that everybody's blood was running hot all the way down from the time they first began to have these quarrels and fights.

"The Court can't agree that because they had had a fight earlier in the evening, that there's probable cause to believe that at that time the defendant started planning the death of the deceased. There are many things about this case that are unanswered and of course it is not my province to speculate on them or go into them, but the Court finds that the elements of premeditation and deliberation do not exist and therefore it is not capital murder.

"Of course, the definition for first degree murder does not enter into this because there is no evidence whatever that this was committed in an arson or a rape or robbery or a burglary, so first degree murder is not possible under the evidence in this case.

"However, the statute does say that all other forms of homicide not specifically declared to be murder in the first degree or capital murder or manslaughter are second degree murder, and the Court finds that there is probable cause to believe that the defendant is guilty of having committed the crime of second degree murder in Douglas County, and that he should be held for arraignment and action of the Circuit Court, Division One, to appear there on their next law day on the first Tuesday in December, December 4th, at 10:00 o'clock, a. m.

"He is to be allowed bond in the sum of $50,000."

On November 14, 1979, the prosecuting attorney filed an information in the Douglas County Circuit Court, charging Thomas with capital murder. A motion to quash the information was overruled. The defendant sought a writ of prohibition in this Court and the preliminary writ issued.

Relator charges that the circuit court is acting in excess of its jurisdiction in attempting to arraign and try relator on a charge of capital murder because the finding at the preliminary hearing that capital murder had not been committed was binding upon the prosecuting attorney and therefore the information charging that offense is void.

Rules of this Court in effect at the time of the preliminary hearing included the following:

Rule 23.02. "No information charging the commission of a felony shall be filed against any person unless the accused shall first have been accorded the right of a preliminary examination before a magistrate in the county where the offense is alleged to have been committed. The accused may waive a preliminary examination after consultation, or after being accorded the right of consultation, with his counsel. A record entry of such waiver shall be made and the magistrate shall hold the accused to answer in the court having jurisdiction of the offense of which he stands accused. If the offense is bailable and the accused has not previously been admitted to bail, he shall be admitted to bail as provided in these Rules. No preliminary examination shall be required where an information has been substituted for an indictment."

Rule 23.08. "If upon examination of the whole matter the magistrate shall determine that no felony has been committed by any person, or that there is no probable cause for charging the accused therewith, he shall discharge such accused. If it appear that a felony has been committed and that there is probable cause to believe the accused guilty, the magistrate shall hold the accused to answer in the court having jurisdiction of the offense. In such case the magistrate may bind any or all material witnesses by

bail bonds, to appear and testify before the court having jurisdiction of the offense, on such day as the prosecuting attorney shall designate in writing filed with the magistrate at the time, and not to depart such court without leave."

Rule 23.10. "If the offense for which the accused is bound over is bailable and the accused has not previously been admitted to bail, he shall be admitted to bail upon a bond with sufficient security as provided in these Rules. Otherwise, he shall be committed to the county jail of the county, or other safe place, to be held until discharged by due course of law. When an accused has been committed to jail because of his failure to furnish bail, the magistrate shall endorse on the warrant of commitment the amount of bail required."

These rules followed generally the statutory provisions relating to preliminary hearings, found in §§ 544.250, 544.410, 544.420 and 544.470, RSMo 1969.

Respondent contends that, under the rules, the associate circuit judge had jurisdiction to determine only whether a felony had been committed and to bind the defendant over to the circuit court upon a finding to that effect and that the specification by the associate circuit judge of the charge on which the defendant was to be bound over was in excess of the associate circuit judge's jurisdiction.

Respondent's reliance is primarily upon *State v. Ancell*, 333 Mo. 26, 62 S.W.2d 443 (1933). In *Ancell*, the defendant was charged by information with murder in the first degree. A trial resulted in a verdict of guilty of manslaughter. On appeal the defendant asserted error on the part of the trial court in overruling his plea in abatement based upon attacks against the validity of his preliminary hearing. One of the grounds was that the examining magistrate who conducted the preliminary hearing on a charge of murder in the first degree found probable cause only for the defendant to be held to answer the charge of murder in the second degree. In rejecting this claim of error, the court stated (62 S.W.2d 446):

"(a) Appellant's contention that the prosecution should have been abated because he had not been held by the examining magistrate to answer the charge of murder in the first degree contained in the information subsequently filed cannot be sustained. In *State ex rel. McCutchan v. Cooley*, 321 Mo. 786, 12 S.W.(2d) 466, 468, referred to by defendant in his motion for new trial, it was held by this court in banc that the prosecuting attorney was without authority to file an information for felony until there had been a finding by a magistrate on preliminary examination 'that a felony has been committed and that there is probable cause to believe the prisoner guilty thereof,' quoting the language of the statute, now section 3483, R.S.1929 (Mo.St.Ann. § 3483). In that case the defendant had been accorded a preliminary and had been discharged by the magistrate. In the instant case he was not discharged. True, he was not held to answer a charge of murder in the first degree. But the magistrate found that a 'crime' had been committed and from the transcript of his proceedings as a whole it clearly appears the crime meant was murder, a felony, and that there was probable cause to believe defendant guilty thereof. That finding meets the requirement of the statute. 'The examining magistrate is not expected or empowered to determine the guilt or innocence of the accused, or to nicely or irrevocably determine the precise offense of which he is guilty.' *State v. Flannery*, 263 Mo. 579, 592, 173 S.W. 1053, 1057. The separate opinion of Faris and Brown, JJ., in the *Flannery Case*, in which the above-quoted language occurs, was criticized on another point in *State v. Nichols* (Mo.Sup.) 49 S.W.(2d) 14, but we do not understand it to have been questioned on this point. The reasoning of the principal opinion in that case, by Walker, J., leads to the same conclusion. See, also, *State v. Bauer et al.*, 321 Mo. 603, 12 S.W.2d 57; *State v. Jeffries*, 210 Mo. 302, 320, 321, 109 S.W. 614, 14 Ann. Cas. 524. The complaint filed with the justice in this case charged murder in the

first degree, which charge included the lower degrees of felonious homicide, to wit, murder in the second degree and manslaughter. The justice found that the felonious act charged, in other words a felony charged in the complaint, had been committed. It was not incumbent upon him to determine the precise degree of the crime found to have been committed nor, in our opinion, could his attempted determination thereof preclude the prosecuting attorney from filing an information charging the higher degree."

Relator advances numerous reasons for the rejection of the holding in *Ancell*. He first argues that *Ancell* is distinguishable for the reason that there is no indication that the justice of the peace who conducted the preliminary hearing in that case made express findings on the elements of the first degree murder charge which he found to be lacking. Relator points to the specific findings of the associate circuit judge in this case particularly noting the elements of capital murder which he found lacking.

█ That is not a valid distinction. The problem is the authority of the associate circuit judge to make the finding he made. He cannot expand his authority by being more specific in his findings.

Relator also notes that *Ancell* was a review of the conviction of the defendant for manslaughter upon a trial and contends that the real basis for the holding in *Ancell* was that any error resulting in the use of the disputed information was harmless to the defendant inasmuch as he could have been convicted for manslaughter had the information charged second degree murder, the offense for which the justice purported to bind him over to answer.

This may be a proper limitation of the actual holding of *Ancell*. Obviously that case could have been decided on that ground alone. However, the validity of the court's reasoning with respect to the question here presented may give such reasoning persuasive effect in this case.

Relator's attack upon the reasoning of *Ancell* is premised largely upon the en-

hanced status of the associate circuit judge who conducted the preliminary hearing in this case over that of the justice of the peace who presided in Ancell's preliminary hearing. Unquestionably the status of the associate circuit judge over that of the magistrate judge whom he succeeded has been raised, just as the status of the magistrate over that of the justice of the peace was elevated. However, an associate circuit judge's jurisdiction is "as now provided by law for magistrate or probate judges" (Mo.Const. art. V, § 18, as amended). Magistrate judges possessed " * * * only those powers which are expressly granted by statute. * * * No presumptions or inferences will be invoked to enlarge their jurisdiction and they cannot assume or take powers by implication." *State ex rel. Inland Finance Corporation v. Felder*, 370 S.W.2d 696, 697[1–3] (Mo.App.1963). The power of an associate circuit judge, under the above constitutional provision, is similarly limited.

Although the improvement in the status of associate circuit judges would obviously provide a valid argument for an extension of the responsibility of that position, the fact remains that present statutes dealing with preliminary hearings remain substantially unchanged from those in existence at the time of the *Ancell* decision. Section 544.420, RSMo 1978, is identical with Section 3483, RSMo 1929, in effect at the time of *Ancell*. In the first Rules of Criminal Procedure adopted by this Court, Rule 23.08 repeated the language of Section 544.420: "If it appear that *a* felony has been committed, * * *." Such was the language of the applicable Rule at the time of the preliminary hearing in this case.

A new Rule 22.07, adopted by this Court June 13, 1979, effective January 1, 1980, relating to preliminary examination, included the following in sub-paragraph (c): "If from the evidence it appears to the judge that there is probable cause to believe that *the felony complained of* has been committed and that the defendant has committed it, the judge shall order him to appear in the court having jurisdiction of the offense; * * *." 580–581 S.W.2d (Mo.Cases)

XXXIII (1979). However, before this rule became effective, it was " * * * modified to conform to the legislation implementing the new judicial article * * * [to] read as follows (in part):

"If from the evidence it appears to the judge that a felony has been committed and that the defendant has committed it, the judge shall order him to appear in the court having jurisdiction of the offense; * *." 588–589 S.W.2d (Mo.Cases) XXXV (1979).

■ Thus as the statutes and rules stood in effect at the time of the preliminary hearing in this case, the authority of the associate circuit judge was to bind the relator over if the judge believed that the defendant had committed a felony. As in *Ancell*, the associate circuit judge was not given authority to determine, for purpose of binding a defendant to the circuit court, the degree of the offense. This Court's handling of Rule 22.07(c) confirms that such is the authority of the court upon a preliminary hearing.

■ In this case, the associate circuit judge did find that a felony had been committed and that there was reasonable cause to believe the defendant guilty. However, the court went further and attempted to define the degree of the offense to which the defendant would be required to respond in the circuit court. Having no authority to make such a finding, the finding in that regard was void and the prosecuting attorney was entitled to disregard such limitation upon his discretion in selecting the charge, within the complaint, which he would file. The reasoning of *Ancell* remains valid and is dispositive of relator's complaint.

Relator complains that, if he is to be arraigned on a charge of capital murder, he will be deprived of his right to release on bail in violation of Mo.Const. art. I, § 20, because capital murder is a non-bailable offense. Respondent's return shows that, over the objection of the prosecuting attorney, the respondent continued the $50,000 bond fixed by the associate circuit judge, and that relator is free under such bond.

This complaint of relator gives rise to no lack of jurisdiction of respondent to proceed with the cause on the information filed.

■ Relator further complains that, although he is now free on bail, he will, if the capital murder charge is permitted to stand, be denied bail and thereby be deprived of his liberty without the benefit of a judicial determination of probable cause for the termination of his liberty, in violation of state and federal due process requirements. This speculative argument does not go to the trial court's jurisdiction. The filing of an information charging a capital offense does not preclude release on bail. Mo.Const. art. I, § 20. *Hickman v. O'Connell*, 266 S.W.2d 9 (Mo.App.1954).

Relator asserts that, if he is required to stand trial on the capital murder information, he will be held to answer for an offense involving a mandatory minimum prison sentence, at the sole discretion of the prosecutor, without the benefit of a judicial determination of probable cause for such charge. He asserts that requiring him to face that charge in such circumstances deprives him of equal protection of the laws, in violation of state and federal constitutional guaranties " * * * in that relator is being denied the right to have his sentencing decision made by a judge and jury, a right accorded to all other criminal defendants under Missouri law."

■ Relator's contention that the prosecutor has made a "sentencing decision" is without merit. He has merely selected the offense to be charged. Any sentencing decision will be by a judge and jury. Regarding prosecutorial discretion in selecting the offense to be charged, relator relies upon a dissenting opinion in *Berra v. United States*, 351 U.S. 131, 135, 76 S.Ct. 685, 688, 100 L.Ed. 1013 (1956), and an opinion concurring in part and dissenting in part in *Hutcherson v. United States*, 345 F.2d 964, 972–977 (D.C.Cir.1965). The pronouncements relied upon were not accepted in those cases and the recent case of *Batchelder v. United States*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), disposes of any equal protection claim based upon prosecu-

torial discretion as to the offense to be charged.

■ Relator's double jeopardy complaint is without merit. "* * * [T]he preliminary hearing does not place the accused once in jeopardy, * * *." *State v. Thomas*, 529 S.W.2d 379, 382[3–5] (Mo.1975).

Writ quashed.

RENDLEN, WELLIVER and HIGGINS, JJ., and STOCKARD, Special Judge, concur.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, C. J.

DONNELLY and MORGAN, JJ., not sitting.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent. The complaint filed by the prosecutor alleged the defendant, "in violation of Section 565.001, RSMo, committed the class A felony of capital murder, punishable upon conviction under Section 565.008.1, RSMo, in that the defendants willfully, knowingly, with premeditation, deliberately and unlawfully killed . . . .'"

A preliminary hearing was held on this complaint pursuant to the governing statutes (§§ 544.250, 544.410, 544.420, and 544.470, RSMo 1978,) and the rules which generally follow the statutes (Rules 23.02, 23.08, and 23.10, Mo.Rules of Court 1979).

The complaint did not, of course, allege the defendant committed "a" felony or simply a homicide. Rule 23.08, Mo.Rules of Court 1979. Rather it alleged a specific crime—capital murder.

At the conclusion of the preliminary hearing the associate circuit judge made a number of findings as set forth in the principal opinion. The sum total of the findings is that the court did not find there was probable cause to believe a capital murder was committed or that the defendant committed capital murder. On that basis, if the rule or statute required that the defendant be discharged unless probable cause be found as to *the* complaint, the defendant would have to have been ordered discharged. This is because probable cause was not found that the *"felony complained of"* was committed and that defendant committed it. In order that the associate circuit judge would not be required to discharge a defendant in those circumstances, even though the judge found probable cause to believe a felony had been committed which was within the scope of the complaint, the statute prior to our rule and our rule permit the associate circuit judge to bind a defendant over for trial upon the finding of probable cause as to a felony less than the one alleged in the complaint. § 544.420, RSMo 1978; Rule 23.08, Mo.Rules of Court 1979.

The court rule as to preliminary examination at the time this case was tried was Rule 23 and had been in effect since at least 1959. (See RSMo 1959, Vol. 4, p. 4912). After having published a change in that rule, as set forth in the principal opinion [1] and identified as Rule 22.07(c), the Court modified the published rule and returned to the language of Rule 23 and the statute—§ 544.420, RSMo 1978. (The present rule is 22.07, Mo.Rules of Court 1980.) In short, the statute and rule at the

1. "A new Rule 22.07, adopted by this Court June 13, 1979, effective January 1, 1980, relating to preliminary examination, included the following in subparagraph (c): 'If from the evidence it appears to the judge that there is probable cause to believe that *the felony complained of* has been committed and that the defendant has committed it, the judge shall order him to appear in the court having jurisdiction of the offense; * * *.' 580–581 S.W.2d (Mo. Cases) XXXIII (1979). However, before this rule became effective, it was '* * * modified to conform to the legislation implementing the new judicial article * * [to] read as follows (in part): 'If from the evidence it appears to the judge that *a* felony has been committed and that the defendant has committed it, the judge shall order him to appear in the court having jurisdiction of the offense; * * *.' 588–589 S.W.2d (Mo.Cases) XXXV (1979)." Principal Opinion at 537.

time of this preliminary examination were essentially the same as they had been for many years. When one considers the obvious effect of the *proposed* rule, the reason the Court abandoned the proposed rule becomes clear. However, that does not resolve the issue in this case. Had the proposal been in effect, then the associate circuit judge in this case would have been required to discharge the defendant because he found no probable cause as to "the felony complained of". The prosecutor would then have to file *another* complaint charging second-degree murder and proceed to *another* preliminary hearing with all of the attending risks of a defendant absconding, inconvenience of witnesses, lawyers, and others, as well as delay. All of this is unnecessary *if* the associate circuit judge can do as he did here—find no probable cause as to capital murder—"the felony complained of"—but probable cause as to a lesser offense of murder second degree. In this way the right of a citizen to not be brought to trial on a felony charge for which there was no probable cause (capital murder) would be protected, and the efficient administration of justice would still be served by allowing the information to be filed charging a crime for which a judicial determination of probable cause had been made in accordance with the law. Therefore, it is clear that the reason the phrase "a felony" was re-adopted was to afford the defendant his full right not to be charged without probable cause and, at the same time, to prevent delay in the proceedings.

The preliminary examination statutes and rules at the time this preliminary hearing was held were essentially the same statutes and rules which were in effect when *State v. Thompson*, 392 S.W.2d 617 (Mo. 1965), was decided. Thompson was brought before a magistrate on a complaint alleging attempted robbery (§§ 560.120 and .135, RSMo 1959—robbery; § 556.150, RSMo 1959—punishment for attempts). He waived preliminary examination and was then charged by information with the crime alleged in the complaint—attempted robbery. The information alleged "that defendant did ' * * * wilfully, unlawfully and feloniously, make an assault in and upon one Murreldean May Archer, and did then and there attempt to rob and take from her person valuable property in the presence of and against the will of the said Murreldean May Archer, by putting her in fear of some immediate injury to her person, and did then and there fail in the perpetration thereof, * * *.' " *Id.* at 618.

Thompson then moved to remand the case to magistrate court for preliminary hearing and it was so remanded. A preliminary hearing was held and defendant was bound over to circuit court and the original information (attempted robbery) was re-filed. Later an amended information was filed charging defendant with assault with malice aforethought with a dangerous and deadly weapon which stated in part, " ' * * * did then and there in and upon one Murreldean May Archer, feloniously, on purpose and of his malice aforethought, make an assault and did then and there, on purpose and of his malice aforethought, feloniously assault, beat, wound and stab, the said Murreldean May Archer, with a knife, which was then and there a dangerous and deadly weapon likely to produce death and great bodily harm, which knife he, the said Robert Louis Thompson, then and there had and held in his hand, with intent then and there, the said Robert Louis Thompson, on purpose and of his malice aforethought, feloniously to rob the said Murreldean May Archer, * * *.' " *Id.* at 618.

The quotations are given in order to make clear that the acts alleged against Thompson in the original complaint, information, and the amended information concern the same event, victim, and assault. However, the complaint and information upon which the preliminary examination was held charged attempted robbery—not an assault with intent to rob.

Just prior to trial Thompson moved for dismissal, arguing that he had not been afforded a preliminary examination on the charge contained in the information. The *Thompson* opinion describes this as follows:

"A colloquy then ensued between the court and counsel, defense counsel stating that a new and distinct charge had been filed which was not a 'lesser charge,' while the prosecutor insisted that the facts 'surrounding each of these charges' would be the same and, in essence, that there could have been no difference in the preliminary hearing, that an assault was involved in each charge and that the new charge carried a 'lighter sentence.' The court stated that the amended information did not 'show a great deal of difference from the original information,' except by going into somewhat greater detail, in showing the means of the assault and adding the element of malice, and that the defense was not substantially changed. It concluded that there was not sufficient variance to justify a dismissal. The motion to dismiss was overruled." *Id.* at 619.

The defendant Thompson was convicted of "assault with malice with intent to rob" (*id.* at 619) and sentenced to twenty years' imprisonment. This Court reversed, holding, in essence, that the prosecution could not proceed to trial on the "assault with malice with intent to rob" when the complaint at the preliminary hearing was for attempted robbery. As to whether the charges were for different offenses, the court said, ". . . we hardly see how a defendant could fail to have been prejudiced when, as here, he was put to trial in such a confused situation and where he was tried on a new charge for which he could have received a life sentence as contrasted with a maximum term of ten years on the original charge." *Id.* at 621. See *Payne v. State*, 28 Okl.Cr. 218, 235 P. 558 (1925).

In the instant case the prosecutor seeks to put the defendant on trial for "capital murder", which carries a sentence of death or life imprisonment without parole for fifty years. The procedure for trial of a capital murder charge is significantly different from other charges. Also, there has been a judicial determination of no probable cause as to the crime of capital murder in this case. I do not suggest the associate circuit judge's determination of no probable cause

as to the crime charged in the complaint is res judicata or forecloses the prosecutor from seeking a probable cause finding on a refiling of the capital murder complaint. He may do so. See *State ex rel. Brown v. Duggins*, 601 S.W.2d 11 (Mo. banc 1980) [# 61826], and *State ex rel. Riggs v. Whipple*, 601 S.W.2d 13 (Mo. banc 1980) [62136], [both decided 7/15/80]. But I certainly do believe and would hold that the prosecutor is forbidden by § 544.250, RSMo 1969, and § 544.420 to try a defendant upon a charge of a felony for which there has been a preliminary examination determination of no probable cause. To hold otherwise would do violence to the very purpose of preliminary hearings—to prevent the abuse of power by the prosecution. *State v. Clark*, 546 S.W.2d 455, 462 (Mo.App.1977).

The very provisions of § 544.420, RSMo 1968, underscores the requirement of an affirmative finding of *probable cause* for a *specific crime* to be made prior to charging the defendant therewith. It provides in part, "If it appears that a felony has been committed, and that there is probable cause to believe the prisoner guilty *thereof*, the magistrate shall bind . . . ." (Emphasis added.) How can it appear to a judge that a felony has been committed without saying what the felony is? How can a judge find probable cause to believe the prisoner guilty *"thereof"* without stating the felony of which he finds the prisoner probably guilty? In my opinion, upon finding probable cause that a felony has been committed and that defendant committed *it* or is guilty *thereof*, it is axiomatic that the associate circuit judge would have to say *what* the defendant is probably guilty of, either by reference to the complaint or by designation of the crime. This belief is buttressed by § 544.250, RSMo 1978, where the following language appears: ". . . And if upon such [preliminary] hearing the magistrate shall determine that *the* alleged offense is one on *which* the accused may be released, the magistrate may release him . . . ." (Emphasis added.) Again, the language presupposes that the finding of probable cause will be with reference to a

stated offense. But surely if the associate circuit judge affirmatively finds there to be *no probable cause* to believe a specific crime (capital murder) has been committed or that the prisoner committed it, there can be no doubt that there has been no finding of probable cause with respect to that felony. That, I believe, precludes a prosecution thereon unless and until probable cause is found upon a subsequent complaint and preliminary hearing or an indictment is returned charging that crime.

In *State ex rel. Buresh v. Adams*, 468 S.W.2d 18 (Mo. banc 1971), it was held that a prosecuting attorney could not proceed upon an information charging a crime or crimes which had been the subject of a preliminary hearing where no probable cause was found by the magistrate as to count II of the complaint but was found as to count I. The information charged a continuous series of acts of embezzlement of money and stealing of electricity of which some were the subject of the complaint and some were not. The Court there said, 468 S.W.2d at 22:

> "Respondent's contention that relator was fully advised of the nature of the charges contained in the information by reason of the several complaints that were filed against him misses the point with respect to the primary purpose of a preliminary hearing. In *State ex rel. McCutchan v. Cooley*, supra, l. c. 468, this Court said: 'We also ruled that a purpose of a preliminary examination is "to safeguard them (the accused) from groundless and vindictive prosecutions." *State v. Tunnell* (Mo.) 296 S.W. 423, loc. cit. 426; *State v. Sassaman*, 214 Mo. 695, loc. cit. 723, 114 S.W. 590.' Respondent's contention also ignores the requirements of Sup.Ct. Rules 23.02, 23.08 and Sections 544.250 and 544.410, which require, as a prerequisite to the filing of an information that the magistrate, on preliminary hearing, find that a felony has been committed and that probable cause exists to believe the accused to be guilty thereof. The point is ruled against respondent."

In order to arrive at the foregoing holding, it was necessary to consider the *specific offenses* alleged in the complaint and the magistrate's orders thereon in order to determine whether the defendant had been afforded a preliminary hearing and been bound over on a charge. It was not sufficient to merely conclude the magistrate found probable cause that a (unidentified) felony had been committed.

In *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the U. S. Supreme Court held the preliminary examination under Alabama law and procedure was a critical stage of the state's criminal process and required the accused be afforded a lawyer. *Id.* at 10, 90 S.Ct. at 2003. This must be considered in light of the fact that in Alabama the preliminary hearing is for the sole purpose of determining whether there is sufficient evidence to warrant presenting the case to the grand jury, and the case can be presented to the grand jury without a preliminary hearing. *Id.* at 8–9, 90 S.Ct. 2002–2003. In Missouri the preliminary hearing is essential to the charging process if the charge is to be by information and is certainly more "critical" than in Alabama. In *State ex rel. Vaughn v. Morgett*, 526 S.W.2d 434 (Mo.App.1975), the court stated at 436:

> "By virtue of the profoundly important nature of the determination to be made by the magistrate at the preliminary hearing stage (Rules 23.02, 23.08, supra) and the procedural safeguards surrounding an accused with respect thereto (Rule 23.03, supra), the preliminary hearing in a felony prosecution to be initiated by information is a 'critical stage' of the criminal process and an accused's right to counsel threat reaches constitutional proportions. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). See also Rule 23.03, supra, as amended December 7, 1970, effective July 1, 1971, and the 'Official Note' thereto."

Surely, if the preliminary examination is as important as set forth in *Coleman* and *Morgett*, and is a right of the accused, then meaning must be attributed to the associate

circuit judge's determination of no probable cause for a specific felony.

The following two cases, *State v. Gladies*, 456 S.W.2d 23 (Mo.1970), and *State v. Couch*, 523 S.W.2d 612 (Mo.App.1975), bear significantly on the issue in the instant case and will be so understood if it is borne in mind that the original information referred to in these cases was filed after a preliminary hearing on a complaint or upon waiver of that hearing. It must also be recognized that the "amended informations" referred to would be proper if probable cause had been found at the preliminary hearing as to the offenses charged in the amended information.

In *Gladies* the defendant was charged by information with assault with intent to rape. The prosecutor amended the information by adding the words "with malice aforethought". This changed the charge from assault under § 559.190 to assault with malice under § 559.180, RSMo 1959. The latter section proscribes a more serious crime and prescribes a graver range of punishment. 456 S.W.2d at 24. The Court held at 456 S.W.2d at 25:

"The purported amendment and subsequent proceedings were a nullity. In the first place, the State attempted by way of amendment of an information to charge an offense distinct and different from that charged in the original information. The two offenses proscribed by §§ 559.180 and 559.190 are distinct and different, both in degree and in severity and range of punishment. An amendment operating to charge an offense different from that charged in the original information is not permissible, § 545.300; Criminal Rule 24.02; *State v. Thompson*, Mo., 392 S.W.2d 617, and cases cited l. c. 620[1, 2]."

Thus it is seen that, although the amended information charged what may be considered a *higher degree* of the crime, it was viewed by the Court as "an offense distinct and different" from that charged in the original information and only the words "with malice aforethought" were added. If this is so, then the difference between second-degree murder and capital murder makes them equally—if not more so—distinct and different from each other and precludes an information on capital murder where the only crime upon which probable cause was found was second-degree murder.

In *State v. Couch, supra*, the state was allowed by the trial court to amend an information which changed the charge from assault with intent to rape without malice to a charge of assault with intent to rape with malice. Defendant was convicted and the court of appeals reversed and remanded. The court reiterated that Rule 24.02 prohibits amendments if the effect is to charge an offense different from that charged in the original information. The court then held at 523 S.W.2d 614–15:

"This amended information is identical to the original information except for the name of the charging officer and the addition of the words italicized 'and of his malice aforethought'. The amendment was intended by the state to charge an offense under Section 559.180 and thus attempted to charge a greater offense, distinct and different from the charge originally lodged under Section 559.190. The state, counsel for defendant, and the court proceeded through the trial, verdict, judgment, allocution and sentencing (for five times the maximum penalty provided in Section 559.190) upon this assumption. It is clear, however, that such alteration of the charge by amendment fell squarely within the proscription of Rule 24.02 and the cases cited supra, and the proceedings were therefore a nullity."

The court of appeals noted however that the proscription of Rule 24.02 does not apply where the amended information charges a lesser included offense. *Id.* at 615, fn. 1.

Again, the point is that different degrees of a felony which are punishable with differing severity are "different and distinct offenses". And again, these cases have meaning only if one understand that, if the complaint and preliminary hearing were sufficient to justify the amended information, then a defendant would have no valid complaint of variance and the judgment

would have been affirmed. This means that to find probable cause of an offense is not sufficient to authorize the prosecuting attorney to file an information charging a higher offense.

*State v. Ancell*, 62 S.W.2d 443 (Mo.1933), is, as noted in the principal opinion, the case upon which respondent primarily relies. I am not certain *Ancell* can be distinguished. If not, then I am convinced *Ancell* is wrong and should be overruled if it is read to allow the prosecutor to charge an accused by information with an offense that, on preliminary hearing, the judge found *no probable cause* to believe had been committed or that the accused was probably guilty thereof, which is the case here.

In *Ancell*, the defendant was convicted of manslaughter in a trial wherein he was charged with murder in the first degree. A preliminary hearing had been held on a complaint alleging first-degree murder. The proceedings in the justice of the peace court on the complaint are quite confusing, but the opinion does say the complaint was for first-degree murder and probable cause was found only for murder in the second degree.

The appellant Ancell had no attorney on appeal nor was there a brief filed in his behalf. The Court reviewed the case on the errors claimed in the motion for new trial. The principal opinion sets forth a lengthy quotation from *Ancell* which need not be repeated. However, I view *Ancell* as a case in which this Court found *no prejudice* to Ancell because, although tried on first-degree murder, the conviction was for manslaughter which was within the probable cause finding of murder in the second degree. I take this view because the Court in its opinion also stated at 62 S.W.2d at 446:

"Moreover, the information charging murder in the first degree included the charge of murder in the second degree, on which defendant had been bound over, and that of manslaughter, of which he was convicted. Had the information charged murder in the second degree it would have included manslaughter just the same, the difference between a

charge of murder in the first degree and one of murder in the second degree being that in the former but not in the latter the element of deliberation must be alleged. Under either the accused may be convicted of manslaughter if the evidence so warrants. So that in any event defendant had a preliminary examination and was bound over to answer the charge on which he was convicted."

In the instant case the defendant has not yet been tried and therefore he will be prejudiced if tried for capital murder, a crime for which he was not held by the magistrate.

*State v. Ancell, supra*, was cited recently in *State v. Clark*, 546 S.W.2d 455 (Mo.App. 1977), in which a conviction of manslaughter upon an information charging second-degree murder was affirmed. A complaint charging Clark with first-degree murder was filed, and the magistrate found a felony had been committed and there was probable cause to believe Clark committed it. An information charging first-degree murder was then filed in circuit court. It was later amended to charge second-degree murder and the defendant was eventually convicted of manslaughter. In overruling Clark's point of error that the information alleged a different method of killing the deceased than that shown on preliminary hearing, the court of appeals considered our case of *State ex rel. Buresh v. Adams, supra*, and stated at 546 S.W.2d 463:

"In order to bring the present case within the principle of *Buresh* the defendant must show that the addition of the skull fracture as a cause of death constitutes a substantial departure from the complaint. *Buresh* follows the general rule expressed in 21 Am.Jur.2d, Criminal Law, § 451 [also, 42 C.J.S. Indictments and Informations § 73]:

'An information filed after a preliminary examination has been held does not have to correspond with the complaint filed with the magistrate. The prosecuting attorney is authorized to file an information charging the offense for which the accused *was held*,

or substantially the same offense. He may not add a new offense. And he may not file an information charging an offense completely different from that shown on the preliminary examination.'" (Emphasis added.)

In the instant case the defendant was not *held* by the associate circuit judge for the offense of capital murder. He was held for second-degree murder. *Clark* cites *Ancell* for the proposition that an information may charge an offense included in the complaint. However, in *Clark* the defendant was held on a charge of first-degree murder and the subsequent charge of second-degree murder and the conviction of manslaughter were within the complaint and within the charge—first-degree murder—upon which Clark was held by the magistrate.

I regard it as important that accused persons be afforded preliminary hearings as required by law. I am convinced the law prohibits a prosecutor from charging a person with a felony where the associate circuit judge has found no probable cause to believe that a felony was committed and therefore did not hold the defendant for that offense.

It is true, of course, that the statutory requirement of a finding of probable cause operates as a curb on the prosecutor's otherwise broad discretion, just as a grand jury does when that method of charging is selected. But that is precisely what the legislature intended by requiring a preliminary hearing and a determination of probable cause by a judge. It is expected that a judge, not being an advocate for either side, would exercise fair and unbiased judgment as to whether the evidence at the preliminary hearing establishes probable cause for some specific crime. In fact, the preliminary hearing requirement of probable cause is the only protection a citizen has against groundless prosecution or substantial overcharging; both of which constitute the charging of a person with a crime without probable cause to believe him guilty. This ought not to be encouraged. The legislature chose to discourage it by requiring a judge to make a finding of probable cause based on evidence in open court as to the crime for which a person is to be held. The associate circuit judge in this case performed his duties in a manner the public has a right to expect of a judge and in accordance with statutory requirements.

The prosecutor in Missouri still has complete discretion over the charge in the complaint. Additionally, if he is not satisfied with the outcome of a preliminary hearing, he may refile a complaint before another judge and obtain another preliminary hearing or proceed by indictment. The safeguard a citizen has is the preliminary hearing before a judicial officer. Its purpose is to protect the citizen from being charged with a felony unless there is probable cause to believe a felony has been committed and the person charged committed it. A prosecutor is not free to charge a person with a crime for which there has been no finding of probable cause as to its occurrence nor as to the accused having committed it. And certainly, where the judge specifically finds a lack of probable cause as to a particular offense, the prosecutor is prohibited from charging a person by information with its commission unless and until there is a subsequent finding of probable cause.

Here the associate circuit judge heard the evidence and found no probable cause to believe capital murder had been committed or that the accused committed it. Therefore, under the statutes noted supra, the prosecuting attorney cannot try the accused on the information charging capital murder so long as there is no finding of probable cause in accordance with the law.

I would make the writ absolute and therefore I dissent.